Robert N. JOHNSON, Gary Johnson, Walter Johnson, Emma Johnson, Ronald R. Johnson, Janet R. Johnson, and Thelma A. Johnson, as an individual and as the Executrix of the Last Will and Testament of Nolan F. Fultz, Deceased, Plaintiffs,

v.

Stewart L. UDALL, as Secretary of the Interior of the United States of America, Defendant.

Civ. A. No. 68–994.

United States District Court
C. D. California.

Oct. 22, 1968.

John B. Lonergan, of Lonergan, Jordan & Gresham, San Bernardino, Cal., for plaintiffs.

Wm. Matthew Byrne, Jr., U. S. Atty., and Ernestine Tolin, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

## DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT.

HAUK, District Judge.

Plaintiffs Robert N. Johnson, Gary Johnson, Walter Johnson, Emma Johnson, Ronald R. Johnson, Janet R. Johnson, Thelma A. Johnson, as an individual, and Thelma A. Johnson as Executrix of the Last Will of Nolan F. Fultz, deceased, filed a Complaint in this Court against Stewart L. Udall, as Secretary of the Interior, to compel Defendant as an officer of the United States to perform certain duties alleged by Plaintiffs to be owed them. Original jurisdiction of the Court was invoked under the provisions of Sec. 1(a) of the Act of October 5, 1962, 76 Stat. 744, 28 U.S.C. Sec. 1361.[1] The Complaint seeks judicial review of a final administrative agency action as is permitted by Sec. 1 of the Federal Administrative Procedure Act, 5 U.S.C. Secs. 702, 703, 704, 705 and 706.[2]

1. 28 U.S.C. § 1361.

§ 1361. Action to compel an officer of the United States to perform his duty

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. Added Pub.L. 87–748, § 1(a), Oct. 5, 1962, 76 Stat. 744.

2. 5 U.S.C. § 702.

§ 702. Right of review

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof Pub.L. 89–554, Sept. 6, 1966, 80 Stat. 392.

5 U.S.C. § 703.

§ 703. Form and venue of proceeding

The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement. Pub.L. 89–554, Sept. 6, 1966, 80 Stat. 392.

5 U.S.C. § 704.

§ 704. Actions reviewable

Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority. Pub.L. 89–554, Sept. 6, 1966, 80 Stat. 392.

5 U.S.C. § 705.

§ 705. Relief pending review

When an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review. On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings. Pub.L. 89–554, Sept. 6, 1966, 80 Stat. 393.

5 U.S.C. § 706.

§ 706. Scope of review

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an

Defendant thereupon filed his Motion for Summary Judgment of Dismissal under Rule 56 of the Federal Rules of Civil Procedure for the stated reasons that there was a procedural deficiency as to the Plaintiffs as individuals resulting from their failure to exhaust their administrative remedies, that there was no genuine issue of fact, and that Defendant was entitled to judgment as a matter of law. Defendant's motion was based upon the Complaint, his Memorandum of Points and Authorities, and the entire administrative record in the Department of the Interior which was considered by the Assistant Solicitor in acting for the Secretary and in making the agency decision of which Plaintiffs complain.

Thereupon Plaintiffs served and filed their Motion for Summary Judgment in favor of Plaintiffs, the motion being based upon their complaint, their Memorandum of Points and Authorities, and the administrative record.

Both sides have filed various answering memoranda, objections and argument which raise the question of proper interpretation and application of the regulations of the Secretary of Interior governing the Department of Interior and Bureau of Land Management in contest proceedings, 43 C.F.R. 1852.1–3, 1852.1–4, 1852.1–5, 1852.1–6, 1852.1–7, 1852.2–1, 1852.2–2.[3]

---

agency action. The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

in making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error. Pub.L. 89–554, Sept. 6, 1966, 80 Stat. 393.

3. 43 C.F.R. #1852.1–3.

§ 1852.1–3 Initiation of contest.

Any person desiring to initiate a private contest must file a complaint in the proper land office (see § 1821.2–1 of this chapter). The contestant must serve a copy of the complaint on the contestee not later than 30 days after filing the complaint and must file proof of such service, as required by § 1850.-0–6(e); in the office where the complaint was filed within 30 days after service.

[Circ. 2220, 31 F.R. 16784, Dec. 31, 1966].

43 C.F.R. #1852.1–4(a) & (c).

§ 1852.1–4 Complaints.

(a) *Contents of Complaint.* The complaint shall contain the following information, under oath:

(1) The name and address of each party interested, including the age of each heir of any deceased entryman.

(2) A legal description of the land involved.

(3) A reference, so far as known to the contestant, to any proceedings pending for the acquisition of title to, or an interest in, such land.

(4) A statement in clear and concise language of the facts constituting the grounds of contest.

(5) A statement of the law under which contestant claims or intends to acquire title to, or an interest in, the land and of the facts showing that he is qualified to do so.

(6) A statement that the proceeding is not collusive or speculative but is instituted and will be diligently pursued in good faith.

(7) A request that the contestant be allowed to prove his allegations and that the adverse interest be invalidated.

(8) The office in which the complaint is filed and the address to which papers shall be sent for service on the contestant.

The pertinent facts as set forth in the Complaint and disclosed by the exhibits attached and incorporated in that pleading are not controverted.

(9) A notice that unless the contestee files an answer to the complaint in such office within 30 days after service of the notice, the allegations of the complaint will be taken as confessed.

\* \* \* \* \*

(c) *Corroboration required.* All allegations of fact in the complaint which are not matters of official record or capable of being judicially noticed and which, if proved, would invalidate the adverse interest must be corroborated under oath by the statement of witnesses. Each such allegation of fact must be corroborated by the statement of at least once witness having personal knowledge of the alleged fact and such fact must be set forth in the statement. All statements by witnesses shall be attached to the complaint.

43 C.F.R. #1852.1–5(1) & (1) (a).

§ 1852.1–5 Service.

The complaint must be served upon every contestee. If the contestee is of record in the land office, service may be made and proved as provided in § 1850.0–6(e). If the person to be served is not of record in the land office, proof of service may be shown by a written statement of the person who made personal service, by post-office return receipt showing personal delivery, or by an acknowledgment of service. In certain circumstances, service may be made by publication as provided in § 1852.1–5(b) (1). When the contest is against the heirs of a deceased entryman, the notice shall be served on each heir. If the person to be personally served is an infant or a person who has been legally adjudged of unsound mind, service of notice shall be made by delivering a copy of the notice to the legal guardian or committee, if there be one, of such infant or person of unsound mind; if there be none, then by delivering a copy of the notice to the person having the infant or person of unsound mind in charge.

(a) *Summary dismissal; waiver of defect in service.* If a complaint when filed does not meet all the requirements of §§ 1852.1–4 (a) and (c), or if the complaint is not served upon each contestee as required by this section, the complaint will be summarily dismissed by the manager and no answer need be filed. However, where prior to the summary dismissal of a complaint a contestee answers without questioning the service or proof of service of the complaint, any defect in service will be deemed waived.

43 C.F.R. #1852.1–6.

§ 1852.1–6 Answer to complaint.

Within 30 days after service of the complaint or after the last publication of the notice, the contestee must file in the office where the contest is pending an answer specifically meeting and responding to the allegations of the complaint, together with proof of service of a copy of the answer upon a contestant as provided in § 1852.1–5 (b) (3). The answer shall contain or be accompanied by the address to which all notices or othert papers shall be sent for service upon contestee.

43 C.F.R. #1852.1–7.

§ 1852.1–7 Action by Manager.

(a) If an answer is not filed as required, the allegations of the complaint will be taken as admitted by the contestee and the Manager will decide the case without a hearing.

(b) If an answer is filed and unless all parties waive a hearing, the Manager will refer the case to an examiner upon determining that the elements of a private contest appear to have been established.

43 C.F.R. #1852.2–1.

§ 1852.2–1 How initiated.

The Government may initiate contests for any cause affecting the legality or validity of any entry or settlement or mining claim.

43 C.F.R. #1852.2–2.

§ 1852.2–2 Proceedings in Government contests.

The proceedings in Government contests shall be governed by the rules relating to proceedings in private contests with the following exceptions:

(a) No corroboration shall be required of a Government complaint and the complaint need not be under oath.

(b) No filing fee or deposit toward reporter's fee shall be required of the Government.

(c) Any action required of the contestant may be taken by any authorized Government employee.

(d) The statements required by § 1852.1–4(a) (5) and (6) need not be included in the complaint.

(e) No posting of notice of publication on the land in issue shall be required of the Government.

(f) Where service is by publication, the affidavits required by § 1852.1–5 (b) (1) need not be filed. The con-

On May 7, 1965, the seven individual Plaintiffs other than Thelma A. Johnson as Executrix, together with one Nolan F. Fultz, filed in the Riverside District and Land Office of the Bureau of Land Management of the Department of the Interior an application under the mining laws of the United States and pertinent regulations of the Secretary of the Interior for a mineral patent of The Royal Black Mining Claim, a placer mining claim situated in Riverside County, California. Each of the eight applicants was the owner at that time of an undivided one-eighth interest in the entire claim and the eight applicants were all the owners of the claim. None of the applicants had any ownership to any particular area of the claim, their ownership being as to each an undivided interest owned and held in common with the other owners of the claim in the whole.

At the time the application for patent was filed in the land office, applicant Fultz was alive. He died September 8, 1965.

On February 4, 1966, a mining claim contest complaint was filed in the district and land office by the United States, as contestant, under the regulations contained in Subpart 1852 of Title 43 of the Code of Federal Regulations. The contest complaint named the patent applicants as contestees, and contained a request that the contestant be allowed to prove the allegations of the contest complaint to the effect that the material in the claim was not a valuable mineral deposit under the law and that valuable minerals had not been found within the limits of the claim in sufficient quantities to constitute a valid discovery under the mining laws. The contest complaint asked that one or both of the following actions be taken: (1) That the mineral entry made by the filing of the application for patent be cancelled, and (2) that the mining claim which was the subject of the entry be declared null and void. The contest complaint further contained the allegation that the contestant was informed and believed the contestees so named were the owners or asserted the ownership of the claim and were the only parties of interest and that their address was "c/o John B. Lonergan, Attorney at Law, 506 Andreson Building, San Bernardino, California 92401". This was the address of the eight contestees as given by them in their patent application. As required by 43 CFR 1852.1–4(a) (9), the contest complaint contained a notice that unless the contestees filed an answer in the district and land office within thirty (30) days after service of the notice and the complaint, the allegations of the complaint would be taken as admitted and the case decided without a hearing.

Service of the notice and contest complaint was by mail. A copy of the contest complaint containing the notice was sent by registered mail, return receipt requested, marked to be delivered to the addressees only, to the eight named contestees, addressed to them in care of the attorney, that being the record address of the applicants for patent in the patent application proceedings in the land office.

---

testant shall file with the Manager a statement of diligent search which shall state that the contestee could not be located after diligent search and inquiry, the last known address of the contestee and the detail of efforts and inquiries made to locate the party sought to be served. The diligent search shall be concluded not more than 15 days prior to filing of the statement.

(g) In lieu of the requirements of § 1852.1–5(b) (3) (ii) the contestant shall, as part of the diligent search before the publication or within 15 days after the first publication send a copy of the complaint by Certified Mail, return receipt requested, to the contestee at the last address of record. The return receipts shall be filed in the office in which the contest is pending.

(h) The affidavit required by § 1852.1–5(b) (3) (iii) need not be filed.

(i) The provisions of paragraph (e) of § 1852.1–4 shall be inapplicable.

[29 F.R. 4329, Mar. 31, 1964, as amended by Circ. 2148, 29 F.R. 9565, July 15, 1964]

The registered mail envelope was received and accepted by the Attorney on February 8, 1966. The earlier death of Fultz was unknown to the attorney, who prepared an answer to the contest complaint and mailed it to the contestees for signature. Through apparent inadvertence the seven living contestees did not sign and return the document to the attorney or advise him of the death of Mr. Fultz until the 30-day period for answering the contest complaint had expired.

On March 18, 1966 the district and land office issued its decision stating that the contestees had not filed an answer to the complaint, and that, no answer having been filed, the allegations of the complaint were taken as admitted and that the mineral application was rejected and the mining claim declared null and void, as to all named contestees, including without specification the decedent Fultz.

The attorney wrote in at the end of the answer he received from the seven living contestees, along with their signatures, "Estate of Nolan F. Fultz, deceased" and requested the land office to accept the document for filing, and advised them of the death of Mr. Fultz. The answer was rejected and was physically returned to the attorney by the land office with the advice that the Secretary was without authority to waive his own rule to permit a late filing for the reason that his regulation on the subject was plain and unambiguous.

Thereupon the seven living contestees, together with Thelma A. Johnson as the executrix named in the Will of Mr. Fultz, not yet admitted to probate, appealed the district and land office decision to the Director of the Bureau of Land Management and also appealed from the action in rejecting the answer. In addition, the appellants, who are the plaintiffs here, moved the Director in writing for permission to file their answers to the contest complaint out of time and thereby asked for relief from the default so that both the living contestees and the execu-

trix could prove the validity of the claim. On May 5, 1967 the Director affirmed the local land office decision and declined to waive the default, ruling that the departmental regulation requirements (43 CFR 1852.1–6 and 1852.1–7(a)) were mandatory and that the Secretary was without authority to waive his own rules to permit the late filing of an answer.

Thereupon the seven living contestees and Thelma A. Johnson, who had been appointed by the local probate court as executrix by an order dated March 31, 1967, took a timely appeal to the Secretary of the Interior under the departmental regulations. On January 29, 1968, by Decision A–30828 of that date, the Assistant Solicitor, Land Appeals, in the Office of the Secretary of the Interior, acting for the Secretary, affirmed the decision of the Bureau of Land Management of May 5, 1967, which in turn had affirmed the decision of the local land office, as to the individual contestees other than Nolan F. Fultz, and reversed the decisions of the Bureau of Land Management and the local office as to Thelma A. Johnson as Executrix of the Last Will of Nolan F. Fultz, deceased. The decision for the Secretary expressly held that since neither the heirs nor the legal representative of the Fultz estate had given the address in care of the attorney as their address of record in the land office, service there was not effective as to the Fultz interest and that it was therefore improper to declare null and void that interest in the mining claim and the proper proceedings must be pursued against it, while the contest complaint as to the living contestees had been properly served and that the individual living contestees were required at their peril to respond within the time allowed by the departmental regulations and that when they failed to do so, the contest complaint was properly taken as admitted against them.

The contest complaint has not been amended at any time. As filed it contained as a named contestee, with seven others, the name of Nolan F. Fultz who was then deceased. At the time the con-

test complaint was filed it did not contain the name of Thelma A. Johnson as such executrix, the name of the estate of the deceased entryman, the address of the executrix or of the estate nor the names, ages or addresses of any of the heirs of the decedent, and there was no general designation of the heirs of the decedent Fultz as parties interested in the mining claim and proceeding by any general language or by use of fictitious names, and no attempt was made in the proceedings at any time to have notice published as to heirs.

Under date of March 15, 1968 the appellants in the administrative appeal wrote the manager of the district and land office, pointing out that as the result of the recent decision by the Assistant Solicitor, land appeals, it was now determined in the proceeding that the contest complaint did not meet the requirements of 43 CFR 1852.1–4(a) in the foregoing respects and had not been served on Fultz, who was named therein as a contestee, contrary to the first sentence of 43 CFR 1852.1–5. The appellants then referred to 43 CFR 1852.1–5(a), and upon that authority requested the manager to summarily dismiss the contest complaint as to all contestees named therein. The request pointed out that no one would be prejudiced since a contest complaint must be filed in any event to reach the heirs, the estate of Mr. Fultz and the executrix, and because a timely answer would be filed by the contestees as to any new contest complaint if and when the latter should be filed and served.

No action was taken by the local manager and the appellants wrote the Assistant Solicitor, land appeals, who had made the Decision of January 29, 1968 for the Secretary, pointing out that as a result of his decision it was certain for the first time in the controversy that the contest complaint when filed did not meet the requirements of 43 CFR 1852.1–4(a)(1) and had not been served on contestee Fultz contrary to the first sentence of 43 CFR 1852.1–5. The request pointed out the duty to summarily dismiss the contest complaint and asked that the

Decision of January 29, 1968, be supplemented so as to direct the manager of the district and land office to summarily dismiss the contest complaint as of a time prior to the taking of the default as to all contestees.

Under date of May 6, 1968, the Assistant Solicitor acknowledged that his decision had determined that proper service had not been made on contestee Fultz, and said that as a result the Fultz heirs had been relieved of default, that 43 CFR 1852.1–4(a), which required that the name, address and age of each heir of any deceased entryman must be given, applied only when an entryman (or contestee) was listed as deceased, or at the very most, was known to the contestant to be dead, that there was no reason to supplement the Decision of January 29, 1968, and that it would remain as the final administrative action in the matter.

This action was thereupon filed, and Plaintiffs in substance reiterate here their position advanced in the administrative proceedings that the departmental regulation clearly required a summary dismissal of the contest complaint as to all contestees when it was shown and recognized that named contestee Fultz had died prior to the filing of the contest complaint, that he had not been served, and that the name and address of the executrix or of the estate as an interested party and the names, addresses and ages of the heirs of the deceased entryman as interested parties, had not been stated in the contest complaint as required by the regulation.

While admitting the allegations of the Complaint and its attached exhibits as generally set out, along with material drawn from the administrative file, in the foregoing paragraphs, Defendant, in opposition to the motion by Plaintiffs, has argued that the agency decision of the Assistant Solicitor was a reasonable interpretation of the apposite regulations, that the Solicitor's decision was based upon departmental precedents, that due regard must be given to administrative interpretations, that this is a simple case of seven individuals who failed to answer within the time prescribed by the

Secretary's regulation, that the decision of the Assistant Solicitor was consistent with ordinary judicial practice, that the Plaintiffs were not acting in good faith, and that the Secretary was justified in interpreting his regulation as to a time limitation with respect to an answer and did not abuse his discretion in following his own regulation, as he had consistently applied his regulation establishing a time limit as to agency appeals matters. Defendant also argues that some of the individual members of the Johnson family who are plaintiffs were also devisees of the entire interest of Fultz in the mining claim under his will, and through the executrix could present their defenses to the contest complaint when it is amended to include the executrix and the heirs. Defendant has still further argued that there are no known heirs at law, drawing this conclusion by the Petition for Probate of the Fultz Will, which had included a statement that no heirs were known to the petitioner.

The Court, having examined the entire record which included among other things, the Complaint and its attached and incorporated exhibits, the respective Memoranda of Points and Authorities and their attached exhibits, and the supplements thereto, and the administrative record lodged by Defendant, and the matter having been extensively argued in writing and orally, the Court concludes that Plaintiffs are entitled to have their Motion for Summary Judgment against the Defendant sustained and granted and that the Motion of Defendant for Summary Judgment of Dismissal should be denied. Accordingly, the Court now renders its decision.

## DECISION

*This Court Has Jurisdiction of The Cause and May Grant The Relief Sought by Plaintiffs.*

The substance of the prayer of the Complaint in this action is that the Secretary shall be ordered to cause the contest complaint to be summarily dismissed as to all contestees named in it. This relief is clearly within the power of the Court to grant. Section 1361 of Title 28 U.S.C. provides:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or an employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Section 702 of Title 5 U.S.C. provides in pertinent part:

\* \* \* \* \* \*

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

Section 704 of Title 5 U.S.C. provides in pertinent part:

"Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."

And finally Section 706 of Title 5 U.S.C. provides:

"To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556

and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error."

*The Decision of January 29, 1968, by the Assistant Solicitor, Land Appeals, was a Final Agency Determination.*

■ The Decision of January 29, 1968, was a final agency action, taken by the Assistant Solicitor, land appeals, for the Defendant Secretary. Defendant has not asserted otherwise. The refusal of the Assistant Solicitor to supplement his Decision as requested by Plaintiffs clearly disclosed the intent and effect of the Decision, which had been, first, to affirm in part the earlier decisions of the district and land office and the Director and thus leave standing the district and land office decision that the seven living contestees had defaulted in failing to answer the contest complaint and, second, to hold that the earlier agency decisions were wrong in part in that one contestee was not living at the time the contest was filed and therefore had not been served, so that the validity of the claim as to the interest of the decedent's estate, represented by his executrix, and as to the interest of his heirs, whoever they might be, had not been determined.

The refusal of the Assistant Solicitor to supplement his Decision also disclosed that it had determined that the contest complaint could be amended upon its return to the local land office to add the name of the executrix and her address, and so as to add the names and give the addresses and ages of the Fultz heirs; that the agency would then proceed on the amended contest complaint as to this limited group of contestees to determine the validity of the claim and their right

to a patent, and that dismissal of the contest complaint would not be had.

Until the Assistant Solicitor's Decision the decisions of the Director and the local office had determined that under the regulations notice had been given to the decedent's interest and those interested under him in the claim. The assistant solicitor properly held, as noted, that this was error. In so doing he created in the proceeding the factual and legal setting requiring a dismissal of the contest under the Secretary's regulation, later discussed. He then refused to cause the dismissal to be made.

This agency action was adverse to Plaintiffs and was prejudicial. This is not denied by Defendant.

*Proceedings in Government Contests Such as This are Governed by the Rules Relating to Proceedings in Private Contest With Certain Exceptions Not Pertinent Here.*

■ The Government may initiate contest proceedings against an unpatented mining claim under 43 CFR 1852.2–1. The proceedings are governed by the rules relating to proceedings in a private contest, as stated in 43 CFR 1852.2–2, with certain exceptions which are not pertinent here.

*A Contest Complaint Must Contain Certain Information as Required by The Applicable Provisions of 43 CFR 1852.1–4(a).*

■ The contents of a contest complaint at the time it is filed are carefully stated in 43 CFR 1852.1–4(a). In part pertinent to this proceeding that regulation provides:

"(a) Contents of complaint. The complaint shall contain the following information, under oath:

(1) The name and address of each party interested, including the age of each heir of any deceased entryman."

*The Contest Complaint Here Involved, When Filed, Did Not Meet Certain of The Requirements of 43 CFR 1852.-1–4(a).*

■ Upon the death of Fultz, prior to the filing of the contest complaint, the parties interested in the mining claim included not only the seven living contestees named in it but also the person named as executrix in the will or some other personal representative of the estate of the decedent and also the heirs of decedent. As found by the Assistant Solicitor in his Decision for the Secretary these additional interested parties were not named in the contest complaint and had not been served. Not only were they not named but the addresses of the executrix and the estate were not given nor were the addresses or ages of the heirs stated. It is clear that the contest complaint when filed did not comply with the requirements of 43 CFR 1852.1–4(a).

*The Contest Complaint Was Not Served Upon Each Named Contestee as Required by 43 CFR 1852.1–5.*

■ Nolan F. Fultz was named as a contestee, and since he was deceased at the time, the contest complaint was not served on him. The last sentence of 43 CFR 1852.1–3 provides as follows:

"The contestant must serve a copy of the complaint on the contestee not later than 30 days after filing the complaint and must file proof of such service, as required by Sec. 1850.0–6(e), in the office where the complaint was filed within 30 days after service."

The first sentence of 43 CFR 1852.1–5 states: "The contest complaint must be served upon every contestee."

■ Provision is made in the latter regulation for service by publication if the person to be served is not of record in the land office.

*Summary Dismissal of The Contest Complaint Was Required.*

■ The provisions of 43 CFR 1852.-1–5(a) clearly provide that if the contest complaint is not served upon each contestee as required by this section of the regulation the contest complaint will be dismissed. The regulation reads:

"(a) Summary dismissal; waiver of defect in service. If a complaint when filed does not meet all the requirements of Secs. 1852.1–4(a) and (c), or if the complaint is not served upon each contestee as required by this section, the complaint will be summarily dismissed by the manager and no answer need be filed. However, where prior to the summary dismissal of a complaint a contestee answers without questioning the service or proof of service of the complaint, any defect in service will be deemed waived."

*The Pertinent Regulation was Clear and Certain and Required No Interpretation.*

■ The pertinent language of 43 CFR 1852.1–5(a) has been quoted. Had it been intended that there should be a summary dismissal as to less than all contestees the regulation could and should have been so worded. The Assistant Solicitor's Decision seeks to avoid the effect of the regulation and to hold that contestees may be added by amendment when all interested parties are not included as contestees and that lack of service on a contestee may be ignored as a cause for dismissal when the named contestee is deceased at the time the contest is filed and this is not known to the contestant.

The exceptions the Assistant Solicitor sought to write into the regulations are not consistent with its plain words and convert the clear language of 43 CFR 1852.1–5(a) into a trap for the uninformed, uninitiated, or unwary. The regulation clearly provides that under certain circumstances the complaint will be summarily dismissed by the land office manager and that no answer need be filed. Such a trap would hardly be consistent with due process of law.

The essence of the Assistant Solicitor's Decision is that the regulation will not be applied by the Department to an instance in which interested parties who happen to be heirs of the deceased entryman are not named as contestees, or where an interested party who happens to be the personal representative of the estate of the deceased entryman is not named as a

750

contestee, or where a contestee is named but is not served at all. In each instance, the position of Defendant is contrary to the plain words of his regulation, and an application by him of such procedure would be to amend or condition the regulation without publication and without following intended rule making procedure required by the Federal Administrative Procedure Act, 5 U.S.C. § 552.

The regulation, 43 CFR 1852.1–5(a), explicitly provides for a summary dismissal; suggesting no need for motion or request and being in this fashion tailored for useful function in those instances in which persons are not named in the contest complaint, or where the complaint is otherwise defective for failure to comply with 43 CFR 1852.1–4 (a), and so as to accomplish a useful result, namely, dismissal as to all contestees who were named in the complaint without need for request or answer by any of them.

The intent of the regulation must have been to afford due process and at the same time have the validity of the claim determined in one proceeding and upon one contest complaint and not piecemeal. It is basically improper and contrary to due process to add an unpublished implied condition or exception to the regulation, one result of which would be to permit an agency, by a series of contest complaints or amendements of a contest complaint, to divide and conquer, whether for economic or other reasons, cc-owner claimants who together could better demonstrate the validity of their claim.

The action of the Assistant Solicitor was contrary to the clear wording of the Secretary's regulation and was itself not reasonable.

*Defendant's Decision of January 29, 1968, Was Plainly Wrong, and In Making It, Defendant Acted Arbitrarily and Capriciously And Did Not Act According To Law.*

█ When presented to it on a civil complaint to review an agency action the reviewing Court, to the extent necessary to decision, must decide all relevant questions of law and determine the meaning or applicability of the terms of the agency action. 5 U.S.C. § 706. See also 2 Am.Jur.2d Admin.Law § 306 at p. 134 (1962).

█ Effect should be given to the natural and plain meaning of words in a rule or regulation. (2 Am.Jur.2d Admin. Law § 307 at p. 139 (1962)).

█ . When an applicant for a patent is to be deprived of a right, in this case to answer a government contest and show the validity of his claim, because of failure to comply with the requirements of a regulation, that regulation should be so clear that there is no basis for his failure to comply therewith. The Department has so held in regard to preference rights on lease applications and there would seem to be no reason why the rule should not be applied to this somewhat similar situation. Donald C. Ingersoll, 63 I.D. 397 (1956) and Madge V. Rodda, etc., 70 I.D. 481, 483 (1963).

While the agency has said in Kings and Kern River, 70 I.D. 377, at 402 (1963), that "antiquity is not a preservative of error", so that a departmental precedent for the construction contended for here could be corrected by the Court, there seems to be a total lack of precedent here within the Department for the construction and procedure here sought to be imposed by the agency Decision. Whatever may be true, administrative precedent for what the Secretary seeks to support in this instance has not been produced, and there is no room for interpretation or the imposition of the condition upon the clear language of the regulation. The action taken was inconsistent with it. Prior contrary administrative practice, had there been any, should not be allowed to interpret what needed no interpretation. If there were room for interpretation, that which has been made for the Secretary in this instance would be unreasonable.

█ The rule applicable is recognized in Udall v. Tallman, 380 U.S.

1, 15–18, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965), and Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 413–414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945). As said in *Bowles,* where a determination involves an interpretation of an administrative regulation "a court must necessarily look to the administrative construction of the regulation *if the meaning of the words used is in doubt.*" (at p. 414 at p. 1217 of 65 S.Ct.) (emphasis added.) Here there were plain words used in the regulation, no contrary prior practice is disclosed, and the matter is one of apparent first impression. There should have been no doubt. The Secretary's ruling was inconsistent with his own regulation and was therefore clearly wrong and should be corrected.

*The Fact That Plaintiffs or Some of Them May Have Later Relocated the Ground or Amended the Claim Does Not Destroy Their Right to Review and Correction of Erroneous Agency Action.*

■ Defendant has argued that an apparent relocation of the ground in 1966 by some of the Plaintiffs and others should prevent recovery here. The short answer is that all the Plaintiffs have the right, if they insist, to have the validity of the original location and the right to patent determined. The claim was located and held from 1963 at least up to the time the asserted relocation was made. The effect of the act of relocation if such there was, is not a matter involved in this proceeding. Whether the relocation was in fact and law an amendment or an abandonment of the original location or whatever other legal effect it may have had must be determined if desired, in proceedings outside this action for review of the agency decision.

*The Right to Relief From Default Is Not Involved.*

■ Defendant has argued that the seven living contestees are merely using the unusual situation as a means of securing relief from their default in failing to answer the contest complaint within thirty (30) days after service. The answer is that they are asking for a dismissal of the contest complaint as to all contestees in accordance with the clear language of the regulation, and that such a dismissal may afford them an opportunity to be heard is fortunate and in this case will harm no one.

■ The justification advanced by the Assistant Solicitor, land appeals, in refusing to supplement his Decision—that to read the regulation as necessitating dismissal as to all contestees when only some are not served would impose a heavy burden on the United States in adjudicating mining claims for which there are several co-locators—falls of its own weight when it becomes apparent that it would in any event be necessary to later file one or more additional contest complaints naming the remaining interested parties in order to fully adjudicate upon the validity of an unpatented claim. On the later contests it could be assumed there would be hearings and perhaps appeals.

■ Defendant in oral argument asserted that the accepted procedure in judicial controversies of naming unknown persons as "all persons unknown" or by fictitious names could not be used because there was no provision for this in the regulations. In so doing Defendant overlooks the fact that there is no regulation preventing such a procedure for creating names, and that his own regulation provides that the name and address of each person interested must be stated in the contest complaint (43 CFR 1852.-1–4(a)), that if a person to be served is not of record in the land office he may be served by publication, and that there is no prohibition in judicial or administrative practice to openly and frankly use a fictitious one until the true one is made known so long as due process is accomplished.

In accordance with the foregoing, which shall also constitute Findings of Fact and Conclusions of Law, the Court now makes its formal Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

### I

The Secretary of the Interior, acting under authority conferred on him by law, promulgated procedural regulations set out in Title 43 of the Code of Federal Regulations and in effect at all pertinent times governing the filing of mining claim and other contest complaints, the filing of answers thereto, hearings thereof and thereon, and dismissals of and other proceedings in such contests.

### II

At all pertinent times such regulations have provided in part that proceedings in government contests shall be governed by the rules relating to private contests (43 CFR 1852.2–2), that the name and address of each party interested in each mining claim or other subject of contest, the age of each heir of a deceased entryman and other specified statements, shall be contained in each contest complaint (43 CFR 1852.1–4(a)), and that whenever any such contest complaint when filed fails to meet the requirements of 43 CFR 1852.1–4(a), or is not served on each contestee as required by 43 CFR 1852.1–5(a), it will be summarily dismissed by the land office manager (43 CFR 1852.1–5(a)).

### III

On May 7, 1965, Plaintiffs Robert N. Johnson, Gary Johnson, Walter Johnson, Emma Johnson, Ronald R. Johnson, Janet R. Johnson, and Thelma A. Johnson, and one Nolan F. Fultz, together filed in the district and land office of the Bureau of Land Management of the Department of the Interior at Riverside, California, an application for mining claim patent for the Royal Black Mining Claim, a placer mining claim located on public land of the United States in Sec. 32, T. 4 S., R. 4 W., S.B.M., California. The proceeding was there designated by the file number R–06706.

### IV

All such applicants were then living.

### V

On February 4, 1966, a government contest complaint was filed in such district and land office charging that the mining claim was null and void and asking that the entry be canceled. The contest complaint when and as filed contained the names and addresses of record in the land office of the seven individual plaintiffs named in Finding III, above, and also the name of Nolan F. Fultz and his address of record in the land office, all eight being named as contestees.

### VI

The contest complaint was sent by the land office by registered mail addressed to all the eight named contestees "c/o John B. Lonergan, Attorney at Law, 506 Andreson Building, San Bernardino, California 92401". As so mailed it contained a notice in accordance with 43 CFR 1852.1–4(a) (9) that unless the contestees filed an answer to the contest complaint within thirty (30) days after service of the notice, the allegations of the Complaint would be taken as confessed.

### VII

Nolan F. Fultz died September 8, 1965, prior to the date the contest complaint was so filed in the district and land office, and this fact was unknown to the agency or said John B. Lonergan, and the latter received and accepted such registered mail on February 8, 1966.

### VIII

An answer was not filed in the contest proceeding on behalf of any of the eight named contestees within thirty (30) days of February 8, 1966 because of excusable neglect and inadvertence.

### IX

Under date of March 18, 1966, the district and land office issued a decision stating that the contestees had not filed an answer to the complaint within the time allowed by the contest complaint, that the complaint had contained a notice that, unless the contestees filed an answer within thirty (30) days, the allegations

of the complaint would be taken as admitted and the case decided without a hearing and that, no answer having been filed, the allegations of the contest complaint were taken as admitted as to all eight contestees named in the complaint.

### X

The decision of the district and land office rejected the mineral application and declared the claim null and void as to all named contestees. There was no hearing and no evidence was presented or considered.

### XI

On March 25, 1966, the attorney, John B. Lonergan, for the seven living contestees, presented to the land office a document entitled Answer to Contest Complaint which was signed by each of the individual contestees, excepting Nolan F. Fultz, and by Estate of Nolan F. Fultz, Deceased. Such answer was not filed by the agency and was rejected by it by letter dated April 1, 1966, for the stated reason that it was not filed within the specified thirty (30) day period.

### XII

An administrative appeal from the decision dated March 18, 1966, and the rejection dated April 1, 1966, was timely taken by the seven living contestees and the estate of the deceased contestee, and the Director of the Bureau of Land Management affirmed the land office decision by a decision dated May 5, 1967. A further timely appeal was taken to the Secretary of the Interior by the seven living contestees and Thelma A. Johnson, as Executrix of the Will of Nolan F. Fultz, deceased. Prior to the decision of the Director dated May 5, 1967, the seven living contestees and Thelma A. Johnson, as such executrix, moved the Director for an order permitting them to answer, offering to consent to the filing of a new and proper contest complaint if the relief were granted. The relief from default was denied.

### XIII

By decision dated January 29, 1968, on the appeal to him, numbered A–30828 in his office, the Secretary, acting through the Assistant Solicitor, land appeals, in the office of the Solicitor of the Department of the Interior, affirmed the prior agency action as to the seven living contestees, and reversed the prior decisions in the agency as to the executrix, holding that upon the death of Nolan F. Fultz prior to service of the contest complaint his heirs became the ones on whom service had to be made, and that the service which had been made was not effective as to the Fultz interest. The Secretary further held that it was therefore improper to declare null and void the Fultz interest in the mining claim and that proper proceedings must be pursued against that interest.

### XIV

Thereafter successive requests were made on behalf of the seven living contestees and the executrix of the land office manager and of the Assistant Solicitor, land appeals, under the asserted authority of 43 CFR 1852.1–5(a), to dismiss the contest complaint effective as of a time prior to the default decision of March 18, 1966. The manager took no action and the officer who had made the original decision for the Secretary informed the representative of the appellants by letter dated May 6, 1968, that while the decision of January 29, 1968, relieved the heirs of default, he did not read the regulation as necessitating dismissal of a contest complaint as to all of several contestees when only one has not been served. The decision for the Secretary dated January 29, 1968, as so supplemented by letter dated May 6, 1968, was a final administrative decision and action.

### XV

At the time of the filing of the contest complaint in the district and land office, in addition to the seven living contestees, the following were persons interested in the title to and right of possession of the mining claim: The heirs of Nolan F. Fultz, the deceased entryman, and Thelma A. Johnson, as Executrix of the Will of said decedent.

### XVI

The contest complaint when filed in the district and land office did not contain the names, addresses or ages of the heirs of Mr. Fultz, nor the name of the executrix and her address or that of the estate of the decedent.

### XVII

The contest complaint and the notice contained in it were not served on named contestee Fultz and were not served on the executrix, any other representative of his estate, or his heirs.

### XVIII

Plaintiffs have exhausted their administrative remedies.

### XIX

The following Conclusions of Law, insofar as they may be considered Findings of Fact, are also found by the Court to be true in all respects. From the foregoing Findings of Fact, the Court now makes its

## CONCLUSIONS OF LAW

### I

The decision of January 29, 1968, in United States v. Robert N. Johnson, et al., A–30828, made for the Secretary of the Interior, was plainly wrong, and in making it the Assistant Solicitor, land appeals, in the office of the Solicitor of the Department of the Interior, acting for the Defendant, acted arbitrarily and capriciously, and did not act according to law, in that the plain language of the regulation (43 CFR 1852.1–5(a)) required the summary dismissal, without prejudice, of the contest complaint as to all contestees named therein because (a) the contest complaint, when filed, did not meet all the requirements of such regulation in that it did not contain the names of each party interested (i. e., the names of Thelma A. Johnson as such Executrix and the heirs of Nolan F. Fultz, deceased), the addresses of such interested parties, and the ages of the heirs of Nolan F. Fultz, deceased, and (b) the contest complaint was not served upon Nolan F. Fultz, the named contestee.

### II

Such summary dismissal has been unlawfully withheld from Plaintiffs by Defendant, it is the duty of Defendant to so dismiss the aforesaid contest complaint as to all contestees named therein and the Secretary should be ordered to set aside Decision No. A–30828 of January 29, 1968, in his office, to set aside the defaults of the seven living contestees and to summarily dismiss the contest complaint in R–06706 in the Riverside District and Land Office of the Bureau of Land Management of the Department of the Interior, or to cause the same to be done, all without prejudice to the filing of a new contest complaint involving the validity of the subject mining claim.

### III

There is no genuine issue as to any material fact.

### IV

The Motion by Defendant for Judgment of Dismissal should be denied.

### V

Judgment in favor of Plaintiffs should be entered in accordance with the foregoing.

## ORDER

By reason of the foregoing Decision, Findings of Fact, and Conclusions of Law, it is hereby ordered that Judgment be entered in favor of Plaintiffs and against Defendant, requiring Defendant to set aside or cause to be set aside the Decision No. A–30828 of January 29, 1968, made by the Assistant Solicitor, land appeals, in the Office of the Secretary, in United States v. Robert N. Johnson, et al., to set aside or cause to be set aside the decision against the individual Plaintiffs entered under date of March 18, 1966, in the Riverside District and Land Office in the contest matter numbered R–06706 in that office, and to summarily dismiss or cause to be summarily dismissed the contest complaint in the contest proceeding numbered R–06706 in the Riverside District and Land Office, all without prejudice

to the filing of a new contest complaint involving the validity of the mining claim known as The Royal Black Mining Claim; and it is hereby further ordered that the Motion by Defendant for Summary Judgment of Dismissal be and it is hereby denied.