In the Matter of the Complaint of PAN-OCEANIC TANKERS CORPORATION, as Owner of the Steamship PANOCEANIC FAITH, for Exoneration from, or Limitation of, Liability.

No. 67 Civ. 4489.

United States District Court,
S. D. New York.

March 8, 1971.

See also D.C., 332 F.Supp. 313.

Baker, Nelson, Williams & Mitchell, New York City, for claimant India Supply Mission; Robert E. Meshel, New York City, of counsel.

Hilis, Betts, Yamaoka, Freehill & Longcope, New York City, for petitioner; Eli Ellis, Edward H. Duggan, Jr., New York City, of counsel.

## MEMORANDUM

COOPER, District Judge.

Claimant India Supply Mission moves pursuant to Rule 16, F.R.Civ.P. for a pre-trial ruling on the admissibility at trial of testimony (given before an official hearing of the United States Coast Guard in connection with the sinking of the steamship PANOCEANIC FAITH) of witnesses who are unavailable at trial or without the jurisdiction of the court. Such prior testimony is admissible subject to objections including relevance and hearsay.

The witnesses called were under oath, plaintiff was represented throughout the entire proceeding by its present attorneys; he was given unlimited right to examine, cross-examine, and/or object to any questions put by counsel or members of the Board of Inquiry; plaintiff frequently exercised the right to object; and the issues at the inquiry were substantially the same if not identical to those at the trial. These procedures protected plaintiff's rights and minimize the risks of memory, narration, sincerity and perception which accompany all hearsay.

The saving of considerable time and expense to all parties, the prevention of undue surprise, the residence of many witnesses in California, the intricate factual questions involved, the freedom to depose witnesses before trial, the considerably increased length of time between the events in question and the trial as well as the inability to secure relevant testimony from unavailable witnesses in the event the prior testimony is not admitted, and the pertinent New York rule of law are additional factors which suggest the wisdom of admitting the testimony in question at trial. Rule 43(a), F.R.Civ.P.; 3 Moore, Federal Practice, § 16.16 at 1125–6 (1968); 3 Benedict on Admiralty § 405 at 110 (6th Ed. 1940); McCormick, Law of Evidence, §§ 231–233 (1954); 5 Wigmore, Evidence, §§ 1386–1388 (3rd Ed. 1940); N.Y.C.P.L.R. ¶ 4517; Fisch on New York Evidence, § 931 at 457 (1959) and supplement (1970) at 301; Tug Raven v. Trexler, 419 F.2d 536 (4th Cir. 1969), cert. denied Crown Central Petroleum Corp. v. Trexler, 398 U.S. 938, 90 S.Ct. 1843, 26 L.Ed.2d 271 (1970); Insul-Wood Insulation Corp. v. Home Insulation, Inc., 176 F.2d 502, 503–504 (10th Cir. 1949); Hertz v. Graham, 23 F.R.D. 17 (S.D.N.Y.1958); Cf. Quintin v. Sprague Steamship Co., 252 F.2d 812 (2d Cir. 1958).

Motion granted.

So ordered.