**Theodore Anthony DUISEN, Plaintiff,**

**v.**

**Jerry TERREL et al., Defendants.**

**Civ. A. No. 1734.**

United States District Court,
W. D. Missouri, C. D.

Aug. 16, 1971.

128

Theodore Anthony Duisen, pro se.

John C. Danforth, Atty. Gen. of Mo., Jefferson City, Mo., for defendants.

## ORDER GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS AND JUDGMENT OF DISMISSAL

WILLIAM H. BECKER, Chief Judge.

In a prior complaint, sought to be filed under the provisions of the Federal Civil Rights Act, § 1983, Title 42, United States Code, plaintiff, who then alleged that he was an inmate of the Fulton State Hospital, sought to sue the "administrator" and "staff" of the hospital for his allegedly having been beaten by two attendants in 1965. See Duisen v. Administrator and Staff, Fulton State Hospital (W.D.Mo.C.D.) 332 F. Supp. 125. That action was dismissed on August 9, 1971, because (1) the "administrator" and "staff" are not "persons" within the meaning of § 1983, *supra*, and (2) plaintiff did not state that the Missouri savings statute, § 516.170 RSMo, V.A.M.S. was applicable to his case and it otherwise appeared that the action was brought after more than five years from the accrual of the claim and therefore was barred by the applicable state statute of limitations.

Plaintiff has now filed another pleading, not in proper form, un-notarized, without any affidavit of poverty, in which he names as defendants the two attendants who allegedly beat him. One of them, however, is insufficiently designated as "Cowboy." As grounds for tolling the statute of limitations, plaintiff states:

"Plaintiff has been unable to date to file charges against the above named defendants in that he was not aware of the facts of those assaults until a second assault was made on him by one of the defendants in the past year, and until just a short time ago, plaintiff was not cognizant of the reality of these assaults upon his person and the dire consequences of those assaults

on his person, and therefore unable to file his claims against those defendants under the law.

"And furthermore, during the last two years, the state authorities have been transferring plaintiff back and forth between the Missouri State Penitentiary and the Fulton State Hospital, and this is the first available chance that the plaintiff has had to file charges against those defendants acting in his own behalf."

Plaintiff further states that, on October 11, 1970, the defendant described only as "Cowboy" again beat him.

■■ The allegations made by plaintiff are not sufficient to make the Missouri savings statute applicable. That statute, § 516.170 RSMo, reads as follows:

"If any person entitled to bring an action in sections 516.100 to 516.370 specified, *at the time the cause of action accrued* be either within the age of twenty-one years, or insane, or imprisoned on a criminal charge, or in execution under a sentence of a criminal court for a less term than for his natural life, such persons shall be at liberty to bring such actions within the respective times in sections 516.-100 to 516.370 limited *after such disability is removed.*" (Emphasis added.)

Plaintiff does not state that he was either insane or imprisoned "at the time the cause of action accrued," although it appears that at some times subsequently, he may have, on a view of the complaint favoring the plaintiff, suffered lapses of memory and imprisonment. The burden is on plaintiff to plead these matters and, when pleaded, to prove them. Hellebrand v. Hoctor (C.A.8) 331 F.2d 453, affirming (E.D.Mo.) 222 F.Supp. 81. See also Kern v. Tri-State Ins. Co. (E.D.Mo.) 260 F.Supp. 378, affirmed (C.A. 8) 386 F.2d 754. His claim against defendant Terrel must therefore be dismissed without prejudice to an amended complaint in which plaintiff may state

whether he was under any of the disabilities in the statute quoted above, § 516.170 RSMo, V.A.M.S., "at the time the cause of action accrued," and precisely when any such disability was removed.

■ The complaint must be dismissed with respect to the defendant "Cowboy" for lack of sufficiency of description of that defendant. While it appears that there is no rule in federal practice against the use of fictitious names when the actual names of parties are unknown, see Johnson v. Udall (C. D.Cal.) 292 F.Supp. 738, 751, it is nevertheless held that ignorance of the real name "must be real, and not willful, ignorance, or such as might be removed by mere inquiry or a resort to means of information." 67 C.J.S. Parties § 98, p. 1095; Pelican Oil & Gasoline Co. v. Commissioner of Internal Revenue (C. A.5) 128 F.2d 561; Martin v. McCabe, 358 Mo. 118, 213 S.W.2d 497, 503. It appears that plaintiff might discover the correct name of the potential defendant on proper inquiry. Further, the name "Cowboy" cannot even be classified as a proper assumed or fictitious name. It is not sufficient to identify any person, and process could not be effectively served in accordance with due process. "Cowboy" is a common appellation, used sometimes to refer to any person, whether that is his nickname or not. The Court cannot authorize the issuance of process for service upon such a description of defendant. The complaint with respect to the alleged beating of October 11, 1970, will therefore be dismissed without prejudice to an amended complaint in which the defendant herein described only as "Cowboy" is more completely and sufficiently designated.

For the foregoing reasons, it is

Ordered that plaintiff be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that the complaint herein be, and it is hereby, dismissed without prejudice.