Edward BRESLIN

v.

CITY AND COUNTY OF
PHILADELPHIA, et al.

Civ. A. No. 81–5231.

United States District Court,
E. D. Pennsylvania.

Dec. 23, 1981.

Edward Breslin, pro se.

## MEMORANDUM

GILES, District Judge.

Plaintiff in this civil rights suit sues three unnamed Philadelphia police officers, as well as the Police Department, City, and County of Philadelphia. For the reasons which follow the complaint will be dismissed with leave to amend.

 Plaintiff alleges that he was arrested without probable cause on arson charges which were eventually dismissed before trial. Two of the police officers allegedly effected his arrest, and a third conducted an investigation and later caused charges to be brought against plaintiff. The complaint contains no factual or legal allegations concerning the Police Department, the City, or the County. Because there is no respondeat superior liability under 42 U.S.C. § 1983, e.g., *Polk County v. Dodson,* —— U.S. ——, ——, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981), there is no basis for liability on the part of those three defendants, and they must be dismissed.

The remaining defendants are all unknown and are sued under fictitious names. "There is no provision in the Federal Statutes or Federal Rules of Civil Procedure for use of fictitious parties." *Fifty Associates v. Prudential Insurance Co.,* 446 F.2d 1187, 1191 (9th Cir. 1970). *See also* Fed.R.Civ.Pro. 17(a) advisory committee's note, 39 F.R.D. 84, 85 (1966) (airplane-crash suit cannot be brought in name of "John Doe" in the hope that attorney later may substitute name of real victim). Although use of fictitious names sometimes is allowed for privacy reasons, the general rule is that the complaint must name all the parties. Fed.R.Civ.Pro. 10(a); *see Roe v. New York,* 49 F.R.D. 279, 281 (S.D.N.Y.1970). No such reason exists here. Given the identification of the remaining defendants only as "John Doe," there is no method of serving the complaint in accord with due process, and no way that the action can otherwise proceed. *See Duisen v. Terrel,* 332 F.Supp. 127, 129 (W.D.Mo.1971). As it currently stands, the complaint must be dismissed.

*See id.; cf. United States ex rel. Mayo v. Satan & His Staff,* 54 F.R.D. 283 (W.D.Pa. 1971) (initial filings failed to include directions for service of process; *Roe,* 49 F.R.D. at 282 (action not commenced if no plaintiffs identified by true name).

Plaintiff, however, has leave to amend the complaint to name the defendants. Of course, if he cannot now amend, he later may commence an action when he has discovered defendants' names.