**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 15-1521

———————————

ELLA BAKER, individually and as guardian
ad litem for R.B. and T.B.; BENJAMIN FRYE;
R.B.; T.B.

v.

UNITED STATES OF AMERICA; JOHN DOES I-II;
JOHN DOES III-X; CITY OF CAMDEN;
POLICE CHIEF JOHN SCOTT THOMPSON

ELLA BAKER, individually and as guardian ad litem
for R.B. and T.B.; and BENJAMIN FRYE,
                                        Appellants

———————————

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 1-12-cv-00494)
District Judge: Honorable Jerome B. Simandle

———————————

Submitted under Third Circuit LAR 34.1(a)
on October 29, 2015

Before: GREENAWAY, JR., SCIRICA and ROTH, Circuit Judges

(Filed: February 9, 2016)

———————————

OPINION[*]

———————————

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Appellants Ella Baker and Benjamin Frye appeal three decisions by the District Court, seeking reversal of (1) the District Court's grant of summary judgment; (2) the District Court's denial of leave to file a third amended complaint; and (3) the District Court's rejection of the testimony proffered by appellants' expert. Appellants have failed to provide any factual basis to support their claims and have also failed to show that the District Court abused its discretion in denying leave or in rejecting the expert testimony. Consequently, we will affirm the judgment of the District Court with respect to all issues.

I.

In November 2010, members of the United States Marshals Service and the Camden Police Department SWAT Team searched appellants' home in an effort to arrest Anthony Fontanez. Law enforcement sought Fontanez as a prime suspect in an incident during which a house was shot into using a high-powered rifle; Fontanez also had several outstanding warrants for aggravated assault, attempted murder, kidnapping, robbery and possession of weapons. Fontanez had previously been in a relationship with Baker's daughter Tawana Baker, and Fontanez is the father of Tawana Baker's children.

Baker alleges that on November 24, 2010, officers arrived at her home with their guns drawn and forced her to wait outside for 45 minutes while they searched her residence. Once inside, the officers allegedly pointed a gun at Baker's 9-year-old nephew, R.B., and threatened to shoot him if he did not stop moving. Baker's 12-year-old daughter, T.B., begged the officers not to shoot R.B., stating that he had ADHD and could not keep still. R.B., T.B. and Baker's husband Benjamin Frye were brought

2

downstairs and detained while the officers searched the home. Frye alleges that he was restrained using zip ties and forced to lie on the living room floor for an extended period of time. Baker, Frye, T.B. and R.B. (hereinafter Plaintiffs) allege that they have suffered psychological injuries, such as nightmares and nervousness around police, as a result of the search. There is no evidence that any member of Baker's household sought medical treatment in connection with these injuries.

In January 2012, Plaintiffs filed a complaint, which named the United States Department of Justice, the United States Marshals Service, and John Does I-II as defendants. In November 2012, Plaintiffs filed an Amended Complaint naming the United States of America, the City of Camden, Chief of Police John Scott Thompson and John Does I-X as defendants. All claims against the United States were dismissed by the District Court. In February 2013, Plaintiffs filed the Second Amended Complaint, which contained nine counts, five of which named only fictitious defendants (John Does). In June 2014, Plaintiffs again moved for leave to amend the complaint in order to add Sgt. Pasquale Giannini, a part-time leader of the Camden Police SWAT Team, as a defendant. The District Court denied leave, pointing out that Plaintiffs had been aware of Giannini's relevance for months prior to the September 2013 deadline to amend pleadings, and therefore that Plaintiffs did not have good cause for failing to timely amend their complaint. Defendants then moved for summary judgment, which the District Court granted.

II.

3

The District Court exercised jurisdiction over this matter pursuant to, *inter alia*, the Federal Tort Claims Act[1] and 42 U.S.C. §§ 1983 and 1985.  We have appellate jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the District Court's decision to grant summary judgment.[2]  We evaluate the District Court's denial of leave to amend the complaint and rejection of Plaintiffs' expert for abuse of discretion.[3]

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] The court must view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to that party.[5]  Plaintiffs claimed that the City of Camden was negligent in failing to adequately supervise or monitor the actions of law enforcement personnel involved in searching Baker's residence.  Such a claim is barred under the New Jersey Tort Claims Act, which provides that damages shall not be awarded against a public entity for pain and suffering, unless the victim has suffered "permanent loss of a bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $3,600.00."[6]  In the present case, Plaintiffs have alleged no permanent injuries, nor have they offered any evidence that they sought medical treatment as a result of the incident in question.  Thus, the District

---

[1] 28 U.S.C. § 1346(b).
[2] *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 218 (3d Cir. 2015).
[3] *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 145 (3d Cir. 2002) (denial of leave to amend); *Oddi v. Ford Motor Co.*, 234 F.3d 136, 156 (3d Cir. 2000) (rejection of expert testimony).
[4] Fed. R. Civ. P. 56(a).
[5] *Scott v. Harris*, 550 U.S. 372, 378 (2007).
[6] N.J.S.A. 59:9-2(d).

Court was correct in granting summary judgment as to Plaintiffs' negligence claim against the City of Camden.

Plaintiffs' conspiracy claim under 42 U.S.C. § 1985 is similarly unsupported by evidence. In the Second Amended Complaint, Plaintiffs allege that the City of Camden and the law enforcement officers "knowingly and willfully conspire[d] . . . to oppress, threaten, intimidate or otherwise deprive [Plaintiffs] in the free exercise and enjoyment of their rights." Plaintiffs provide no evidence of such a conspiracy, or of any agreement between any of the Defendants for anything but coordination and support during the execution of a lawful arrest warrant. In opposing Defendants' motion for summary judgment, Plaintiffs "may not rest upon the mere allegations or denials of [their] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."[7] In light of Plaintiffs' failure to do so, the District Court was correct in granting summary judgment as to Plaintiffs' conspiracy claim under 42 U.S.C. § 1985.

Plaintiffs' § 1983 claim alleges that the law enforcement officers' use of excessive force was the likely and obvious consequence of maintaining an active SWAT Team without proper training. As respondeat superior or vicarious liability will not attach against a municipal defendant,[8] the City of Camden cannot be held liable under § 1983 unless Plaintiffs prove the existence of an unconstitutional municipal policy.[9] Here, Plaintiffs' § 1983 claim is based solely on the City of Camden's alleged failure to train its SWAT Team; therefore Plaintiffs are required to show that this failure amounted to

---

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[8] *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978).
[9] *City of St. Louis v. Praprotnik*, 485 U.S. 112, 128 (1988).

"deliberate indifference to the rights of persons with whom those employees will come into contact."[10] The only evidence offered by Plaintiffs to support the inference that Camden failed to train its SWAT Team was the report and testimony of Plaintiffs' proffered expert, Mark Weber, who concluded that a "lack of resource[s] led to poor training by the Swat Team at the time and caused them not to establish or properly follow protocols dealing with certain operations such as entry and searches of residential properties while occupied." In evaluating the admissibility of expert opinions, the district court must consider an expert's qualifications, reliability and fit.[11] In order for an expert's testimony to be reliable, it must be based on the "methods and procedures of science," rather than on "subjective belief or unsupported speculation."[12] The District Court found Weber's opinions as to Camden's alleged failure to train its SWAT Team to be unreliable, as he could provide no basis for his opinion regarding a lack of training beyond the conduct of the officers giving rise to this litigation. Indeed, in his deposition, Weber admitted that he did not review any materials regarding the training of the Camden SWAT Team and conceded that, in fact, he did not know what training the Camden SWAT Team received in the years preceding the incident at issue. Given these admissions, the District Court did not abuse its discretion in rejecting the testimony offered by Weber. As Plaintiffs offered no other evidence to support their allegations that Camden had failed to train the law enforcement officers, the District Court properly dismissed Plaintiffs' § 1983 claim.

---

[10] *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014).
[11] *Schneider ex. rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003).
[12] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993).

6

The remainder of Plaintiffs' Complaint is comprised of claims against unnamed defendants. While courts may initially allow claims based upon unnamed defendants because they may be found and named later through the discovery process,[13] courts must eventually dismiss unnamed parties if discovery yields no identities.[14] While discovery in the present case did yield the identity of one of the law enforcement officers – Sgt. Pasquale Giannini – Plaintiffs attempted to amend their complaint to include Sgt. Giannini nine months after the deadline to amend proceedings set by the District Court. In its decision to deny leave to amend the complaint, the District Court found that Plaintiffs had failed to show good cause as to why they waited until September 2014 to amend their complaint when Giannini was identified as a relevant witness in Camden's April 2013 Rule 26 disclosures. Plaintiffs were clearly aware that Giannini was important because he was a focus of Plaintiffs' interrogatories, the answers to which Giannini certified in August 2013. Plaintiffs have failed to show that the District Court abused its discretion in refusing to grant leave to further amend their complaint, and therefore we affirm the District Court's decision. Without Giannini as a defendant, the Plaintiffs' remaining claims exist only against unnamed defendants. The case law is clear that "an action cannot be maintained solely against Doe defendants."[15] We therefore also

---

[13] *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

[14] *Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3d Cir. 1998).

[15] *Id. See also Breslin v. Philadelphia*, 92 F.R.D. 764, 765 (E.D. Pa. 1981) (Because unnamed parties cannot be served process or otherwise participate in their defense, a court cannot, consistent with due process, permit a matter to go to trial against parties who have not been identified).

affirm the District Court's decision to grant summary judgment as to the claims against unnamed defendants.

III.

Plaintiffs have provided no evidence, other than inadmissible expert testimony to support their claims. Further, they have failed to show that the District Court abused its discretion in denying leave to amend or in rejecting the testimony of Plaintiffs' expert. We therefore affirm the judgment of the District Court in all respects.