Prepared by State Reporter from Appeal Papers

entered January 21, 1927, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. Plaintiff recovered a judgment against defendant corporation for personal injuries received through its negligence. Execution was returned unsatisfied. On supplementary proceedings it appeared that subsequent to plaintiff's injury the corporation ceased doing business but was never legally dissolved and that appellants herein, the only stockholders, directors and officers of the corporation, divided the assets between them. This action was brought to compel such appellants to account for sufficient of the assets to pay the plaintiff's judgment.

*James G. Purdy* and *Arthur K. Wing* for appellants.
*Anton Gronich* and *Abraham S. Keilson* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

PERCIVAL WILDS, as Trustee in Bankruptcy of WINFIELD S. NORRIS, Trading as SCOTT NORRIS & COMPANY, Appellant, *v.* LEBANON NATIONAL BANK, Respondent.

*Banks and banking — fraud — deposit by manager of business of checks drawn to order of firm in bank to account of dummy corporation — withdrawal of such funds and transfer thereof to his own use — liability of bank therefor.*

*Wilds* v. *Lebanon Nat. Bank*, 219 App. Div. 597, affirmed.
(Argued June 14, 1927; decided July 20, 1927.)

APPEAL from a judgment, entered April 9, 1927, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint. The suit is brought by a trustee in bankruptcy of an insolvent who trading as Scott Norris & Company ran a business under that name. One Carlisle

Rowntree was the manager of the business and had a power of attorney given by the bankrupt which authorized him to draw and indorse checks for legitimate purposes of the business. The complaint alleged that Rowntree operated this concern for his own profit as a bucket shop; and that for the purpose of converting to his own use moneys of Scott Norris & Company, in fraud of said Norris and his creditors, he indorsed checks drawn by customers of Scott Norris & Company and deposited them in the defendant bank to the account of Peabody & Adams, a dummy corporation, which he had formed, and thereafter withdrew the funds and used them for his own purposes. The Appellate Division held that the bank was a mere depositary and the checks being drawn by a person authorized to make withdrawals, it was not liable.

*Caruthers Ewing* and *Tracy S. Voorhees* for appellant.
*John E. Joyce* and *Jeremiah F. Connor* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

### J. R. MAYERS Co., INC., Appellant, *v.* THE W. F. POWERS COMPANY, Respondent.

*Contract — money had and received — agreement permitting subcontractor to collect direct for merchandise furnished under main contract — acceptance by subcontractor as part payment for amount due under contract of a sum in cash and a participating certificate — action by contractor to charge subcontractor with amount of certificate as cash received.*

*Mayers Co., Inc.,* v. *Powers Co.,* 218 App. Div. 578, affirmed.
(Argued June 15, 1927; decided July 20, 1927.)

APPEAL from a judgment, entered December 24, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint.