**Peter J. HELLEBRAND, Appellant,**

v.

**Emmett F. HOCTOR, Appellee.**

**No. 17494.**

United States Court of Appeals
Eighth Circuit.

May 12, 1964.

---

**8.** Cal.Civil Code § 1698.

**9.** Bohman v. Berg, 54 Cal.2d 787, 8 Cal. Rptr. 441, 356 P.2d 185 (1960).

454

Forrest Boecker, St. Louis, Mo., made argument for the appellant and filed brief.

Adolph K. Schwartz, St. Louis, Mo., made argument for the appellee and filed brief with Taylor Smith, Jr., Farmington, Mo., Thomas F. Eagleton, Atty. Gen. of Missouri, Jefferson City, Mo., and Clyde Burch, Asst. Atty. Gen. of Missouri, Jefferson City, Mo.

Before VAN OOSTERHOUT, RIDGE and MEHAFFY, Circuit Judges.

RIDGE, Circuit Judge.

This appeal arises from the District Court's dismissal of appellant's (plaintiff's) complaint,[1] without prejudice, on the ground that on its face the cause of action therein stated was barred by applicable Missouri Statute of Limitations. Plaintiff was given leave to, but did not, amend his complaint. Rather, he asks this Court to declare that his complaint, as originally filed, did plead facts sufficient to state a cause of action under applicable Missouri law.

The complaint was filed on April 18, 1963, in the District Court for the Eastern District of Missouri. It alleged that the appellee (defendant), Emmett F. Hoctor, as Superintendent of Missouri State Hospital No. 4, at Farmington, Missouri, without due process of law falsely imprisoned plaintiff in that hospital on or about January 16, 1958. Plaintiff asserted that during the period of his confinement, on or about March 7, 1958, he was involuntarily subjected to electric shock treatments, causing plaintiff "to experience excruciating and horrible pain, and to live in constant fear of defendant." The complaint further alleged that because of said imprisonment in the above mental institution and because of "the fear induced in plaintiff," he was unable to resort to legal proceedings against the defendant until he was released on May 2, 1962. Defendant filed a motion to dismiss in which it was urged, *inter alia*, that plaintiff's action was barred by the Missouri Statutes of Limitations, Section 516.140, R.S.Mo. 1959, V.A.M.S., which bars all actions for false imprisonment, for assault, and against physicians for damages for malpractice, error or mistake, if not brought within two years. As the actions charged against the defendant occurred more than two years prior to the filing of the complaint, defendant insists no cause of action was alleged.

Judge Meredith, in his memorandum *supra*, agreed with defendant and dismissed the complaint, giving plaintiff "leave * * * to file an amended complaint to come within the views (therein) expressed if the facts so permit." As already stated, plaintiff refused to amend and chose to appeal the District Court's order of dismissal.

Petitioner does not contest that Missouri's two-year Statute of Limitations is applicable here.[2] Since, on the face of the instant complaint, petitioner's cause of action accrued no later than March 7, 1958, his filing of a petition some five years subsequent to that date was manifestly barred by Missouri law, unless he

1. 222 F.Supp. 81 (E.D.Mo.1963).

2. "516.140. What actions within two years

"Within two years: An action for libel, slander, assault, battery, false imprisonment or criminal conversation. All actions against physicians, surgeons, dentists, roentgenologists, nurses, hospitals and sanitariums for damages for malpractice, error, or mistake shall be brought within two years from the date of the act of neglect complained of * * *."

can bring his right of action within some appropriate statute of that State which operates to toll the two-year limitation period, ante. Section 516.170, RSMo 1959, V.A.M.S., reads:

> "If any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time the cause of action accrued be either within the age of twenty-one years, or insane, or imprisoned on a criminal charge, or in execution under a sentence of a criminal court for a less term than for his natural life, such persons shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited after such disability is removed."

Where, as here, the complaint on its face is barred by the Statute of Limitations, the plaintiff by appropriate allegation must bring himself within one of the exceptions contained in the above disability statute. Keeton's Heirs v. Keeton's Adm'r, 20 Mo. 530, 542 (1855); Womack v. Callaway County, 159 S.W.2d 630, 632 (Mo.1942). A simple reading of the complaint reveals appellant's failure, or inability, to do so. He does not argue or contend the applicability of Section 516.170, supra.[3] Instead he argues that another statutory provision, Section 516.280, RSMo 1959, V.A.M.S., tolls the running of the two-year limitation statute applicable to his cause of action against defendant.

Section 516.280, RSMo 1959, V.A.M.S., provides:

> "If any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commence-

ment of such action shall have ceased to be so prevented."

Petitioner, by much semantic legerdemain, argues that his complaint sufficiently alleges an "improper act" by defendant, thereby tolling the admittedly applicable two-year statute, supra. Even were we disposed to agree with that assertion (which we are not), petitioner's argument is still meritless. This is so, because Section 516.280, ante, must be read in the light of Section 516.300, R.S.Mo.1959, V.A.M.S., which reads:

> "The provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute."

Since the Statute of Limitations under consideration in the case at bar, i. e., Section 516.140, supra, is "otherwise limited," namely, that a cause of action such as plaintiff here asserts must be commenced within two years following the accrual of the action, it is the law of the State of Missouri that the running of that statute cannot be tolled because of fraud, concealment, or any other improper act not provided in the statute, itself. See, State ex rel. Bier v. Bigger, 352 Mo. 502, 178 S.W.2d 347, 350 (1944); Frazee v. Partney, 314 S.W.2d 915, 921 (Mo.1958); Ratican v. Terminal R. Ass'n, 114 F. 666, 669 (D.C.Mo.1902). Hence, the applicable Missouri Statute of Limitations to plaintiff's claim may only be tolled by allegations contained in appellant's complaint revealing that his cause of action against appellee is within one of the exceptions set out in the disability statute, supra. This he has not done. The Supreme Court of Missouri has consistently held that Missouri Statutes of Limitations are to be strictly construed, neither to be extended to em-

---

3. Petitioner, for obvious reasons, does not contend he was "insane" during his period of confinement. Missouri law clearly holds, if petitioner subsequent to his release had been adjudged sane during the period of his confinement (even assuming such an allegation were made in his com-

plaint), he could not bring himself within the exceptions of that tolling statute. Cf. Woodruff v. Shores, 354 Mo. 742, 190 S.W.2d 994, 166 A.L.R. 957 (1945); Devault v. Truman, 354 Mo. 1193, 194 S.W. 2d 29 (1946).

brace cases not within the specific exemptions enumerated nor enlarged upon because of cases of hardship. Hunter v. Hunter, 237 S.W.2d 100, 104 (Mo.1951); Black v. City National Bank & Trust Company, 321 S.W.2d 477, 480 (Mo. 1959).

Petitioner was given full opportunity to amend his complaint so that he might bring himself within some tolling provisions of some applicable statute of the State of Missouri. He did not take advantage of that opportunity. The District Court's action, dismissing his complaint, was proper.

Its judgment in so doing is hereby affirmed.