**John E. MILLER, Plaintiff,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Defendant.**

**Civ. A. No. 1510.**

United States District Court, W. D. Missouri, C. D.

Feb. 25, 1970.

John E. Miller, pro se.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; SUMMARY JUDGMENT OF DISMISSAL

BECKER, Chief Judge.

Plaintiff, formerly a state convict confined in the Missouri State Penitentiary, in his complaint herein under the Federal Civil Rights Act, states that he was required by defendant, under threat of "starvation and punishment in the hole," to perform in prison industry "a job that was known to be dangerous and hazerdous (sic) to any one"; and that as a result plaintiff "did suffer greatly" and "lost his thumb." Plaintiff therefore asks $1,000,000 in actual damages and $1,000,000 in punitive damages.

Two prior motions of the defendant to dismiss on the respective grounds that (1) the applicable state statute of limitations had run and (2) the Missouri savings statute was inapplicable have been denied. Plaintiff, however, states in his complaint that his injury was sustained on March 30, 1964. Further, it is apparent that he is suing the named defendant as the Warden of the Missouri State Penitentiary, since he states that he was told to perform the acts (which he alleges were dangerous and hazardous) "threw (sic) a direct order of an official of this institution." Defendant, however, now moves for a summary judgment of dismissal. In support thereof, he has submitted his affidavit to the effect that he was not yet the Warden of the Missouri State Penitentiary on March 30, 1964, when the alleged injury is stated by plaintiff to have been sustained. The motion for summary judgment is therefore well founded and must be sustained. Liability under

the Federal Civil Rights Act is personal. In Williams v. Craven (C.D.Cal.) 273 F. Supp. 649, cert. den. 393 U.S. 916, 89 S.Ct. 242, 21 L.Ed.2d 201, it was held that a prison warden was not liable when the allegations indicated that he had no connection with the alleged deprivations. Defendant is therefore entitled to a summary judgment of dismissal.

It is therefore

Ordered that defendant's motion for summary judgment be, and it is hereby, granted. It is further

Ordered and adjudged that summary judgment of dismissal be, and it is hereby, entered herein in favor of defendant and against plaintiff.