**Donald BEISHIR et al., Plaintiffs,**

**v.**

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, et al., Defendants.**

**Civ. A. No. 1541.**

United States District Court, W. D. Missouri, Central Division.

March 16, 1970.

See also D.C., 331 F.Supp. 1227.

Donald Beishir, pro se.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT IN PART, AND GRANTING MOTION FOR MORE DEFINITE STATEMENT IN PART

WILLIAM H. BECKER, Chief Judge.

In their complaint herein under the Federal Civil Rights Act, plaintiffs, state convicts confined in the Missouri State Penitentiary, stated that they have been confined in maximum security since May 22, 1969, which is "in actuality an extra punitive unit used to confine prisoners for the purpose of harassment, oppression, hinderance (sic) and obstructing the litigation of plaintiffs' cause"; that they had suffered discrimination, "cruel and unusual treatment and obstructions, deprivation, denial and violation of numerous rights, privileges and immunities, secured and guaranteed to them by the constitution and laws of the United States * * * and further denial of 'due process' and 'equal protection of the law' "; that they had been sprayed with water and chemical gases several times; that they had been "denied even those rights and privileges otherwise permitted to other inmates * * * even those confined to the other three regular units of maximum security"; that they had "been refused a fair and impartial review of their case by the classification committee or any other prison personnel of authority"; that they had been "given six months" in maximum security "for the ambiguous purpose of 'control and discipline' "; and that, unlike other prisoners, they had never been taken before the adjustment committee.

Defendants now move to dismiss the complaint or, in the alternative, for a more definite statement. In support of their motion to dismiss, defendants assert that plaintiffs have not stated the denial of any federally protected right; that plaintiffs have "wholly failed to state a claim upon which relief may be granted"; and that "plaintiffs herein may not maintain this action because consistent with Section 222.010, RSMo 1959 [V.A.M.S.], [the] individual plain-

tiffs are without capacity to sue." In support of the first assertion, defendants contend that conclusory allegations of cruel and unusual punishment cannot be deemed to state the extreme punishment defined in Hancock v. Avery (M.D. Tenn.) 301 F.Supp. 786, to constitute cruel and unusual punishment. On a motion to dismiss, however, the allegations of the complaint must be viewed in the light most favorable to plaintiff. Conley v. Gibson, 355 U.S. 41, 45–6, 78 S.Ct. 99, 2 L.Ed.2d 80; Great Atlantic & Pacific Tea Co. v. Amalgamated Meat Cutters & Butcher Workmen of North America (C.A. 8) 410 F.2d 650; Leimer v. State Mut. Life Assur. Co. (C.A. 8) 108 F.2d 302. So viewed, plaintiffs' conclusory allegations of cruel and unusual punishment may state a claim under the Federal Civil Rights Act even under the standards of Hancock v. Avery, *supra,* which holds in part that cruel and unusual punishment may consist in the imposition of punishment in excess of that which is necessary to constitute a legitimate penal aim. Therefore, this contention is without merit.

■ Defendants also claim that Section 222.010 RSMo, the Missouri "civil death" statute, renders these plaintiffs incapable to sue because of their current imprisonment in the Missouri State Penitentiary. In support of this contention, defendants state that the Eighth Circuit Court of Appeals has recognized the applicability of the state civil death statute in federal cases in Hill v. Gentry (C.A. 8) 280 F.2d 88; and that this Court has done likewise in its order denying a motion to dismiss in Miller v. Swenson (W.D.Mo.) 315 F.Supp. 772. *Hill,* however, is not precisely in point on this question. In *Hill,* it was held that a prisoner in the Medical Center for Federal Prisoners was not incapable of suing in a diversity action because the applicability of Section 222.010 was restricted to prisoners in the Missouri Department of Corrections. Furthermore, in McCollom v. Mayfield (N.D. Cal.) 130 F.Supp. 112, the rule was laid down that, despite Rule 17(b), F.R.Civ.

P., making the law of the domicile (which is not conclusively shown to be Missouri in this case) applicable on the question of capacity and lack of capacity to sue under state law, a state prisoner may nevertheless sue under Section 1983 of Title 42 because it allows suit by "any citizen of the United States or any other person in the jurisdiction thereof." Also, in Weller v. Dickson (C.A. 9) 314 F.2d 598, it was held that even though the applicable state statute of limitations may be tolled while the state prisoner is in prison, he may nevertheless bring the suit under the Federal Civil Rights Act while he is in prison. That case is directly in point in the case at bar and in accordance with this Court's holding in Miller v. Swenson, supra. Urbano v. News Syndicate Company (C.A. 2) 358 F.2d 145, relied upon by defendants for the conclusion that the law of the domicile applies on the issue of capacity to sue in prisoner cases, appears to be a diversity suit sounding in libel rather than a civil rights action. Defendants' final contention is therefore without merit.

For the foregoing reasons, defendants' contention that plaintiffs "wholly fail to state a claim" is also without merit. The motion should therefore be denied.

Alternatively, defendants move for a more definite statement to accomplish the following:

(a) In place of conclusory allegation on page 2, paragraph 4 of the complaint that defendants acted under color of state law, the "specific defendants complained of or the state law under which the defendants theoretically acted."

(b) In the same paragraph, an enumeration of the privileges or immunities "allegedly violated by the defendants."

(c) On page 2, paragraph 5, whether plaintiffs contend that they were placed in maximum security solely to deprive them of access to the courts or whether they are

complaining that maximum security is an "extra punitive" unit.

(d) On page 2, paragraph 6, the specific "form said [cruel and unusual] punishment and treatment has taken, nor the rights, privileges or immunities which have been violated."

(e) On page 3, paragraph 2, to divulge the specific defendants who have subjected plaintiffs to "threats, insults, caluminy (sic), harassment, having chemical gasses and water hosing sprayed upon them by the defendants herein named and/or their subordinants."

(f) On page 3, paragraph 2, what specific rights and duties have been denied plaintiffs which have been granted to prisoners in the three other regular maximum security units.

(g) On page 3, paragraphs 3 and 4, the "form the alleged discrimination has taken" which resulted in the plaintiffs' maximum security confinement."

The defendants are entitled to relief on the portions of the complaint described in subsections (b) and (f) above and so much of (d) which refers to "numerous rights". Plaintiffs will be required to submit more definite statements in respect of those. The other requests made by defendants do not point up allegations which are so indefinite that any answer by defendants would be impossible. The fact of whether the defendants are state officials should be known to them and it is clear that plaintiffs allege cruel and unusual punishment in that maximum security confinement is "extra punitive" and that they were "discriminatorily" placed therein for "vague and ambiguous" reasons; and that all the defendants, either in person or by agents, participated in the spraying of them with water and chemical gases. The component facts of these allegations may become known through discovery. Meantime, it is possible for defendants to make a meaningful answer to all allegations except those described in (b), (d) and (f). A motion for more definite statement is not intended to be a substitute for discovery. Wycoff v. Nichols, D.C., 32 F.R.D. 369.