**Howard Lee WHITE, Plaintiff,**

**v.**

**FAWCETT PUBLICATIONS, Defendant.**

**Civ. A. No. 18851-3.**

United States District Court,
W. D. Missouri, W. D.

Nov. 30, 1970.

As Amended Dec. 1, 1970.

Order Jan. 20, 1971.

Howard Lee White, pro se.

No appearance for defendant.

## ORDER GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS AND JUDGMENT OF DISMISSAL WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

Plaintiff has filed in this Court his application for leave to proceed in forma pauperis in filing a civil action against "Fawcett Publications of New York". Plaintiff states that defendant published a "very libelous and harmful" story in its January 1967 issue of *True* Magazine in a story called "The Case of the Bold Penman." Plaintiff therefore demands the sum of twenty million dollars in damages.

Plaintiff does not affirmatively state the jurisdiction of this Court and jurisdiction is not inferable from the facts alleged by him in his application. He states that defendant is a "New York and Connecticut" corporation and that he is currently confined in the United States Medical Center in Springfield, Missouri. Ordinarily, the citizenship of a prisoner remains in the State of which he was a citizen before his imprisonment. 25 Am.Jur.2d, Domicil § 41, p. 31; 1 Moore's Federal Practice ¶ 0.142 [5.–2], p. 1484, n. 5. Ott v. Ciccone (W.D.Mo.) 326 F.Supp. 609, and cases therein cited. Plaintiff does not contend that his citizenship is in Missouri, nor that it is in a state other than New York or Connecticut. Plaintiff therefore does not state diversity of citizenship as is required for federal jurisdiction under the provisions of Section 1332, Title 28, United States Code, which would be the only possibly applicable jurisdictional statute in this case.

Further, it is readily apparent that the Statute of Limitations under Missouri law has run and that this suit is barred by it. Section 516.140 RSMo, V.A.M.S., provides that an action for libel must be brought within two years of the date of the libel. Under the applicable Missouri law, a libel action accrues

at the time of the publication of the allegedly libelous statements. Brown v. Chicago, Rock Island & Pacific Railroad Co. (C.A.8) 323 F.2d 420, affirming (W.D.Mo.) 212 F.Supp. 832. In this case, the libelous publication is alleged to have taken place in January 1967, more than two years before the filing of the complaint in this case. It does not matter that plaintiff may not have seen the issue until later. Brown v. Chicago, Rock Island & Pacific Railroad Co., *supra*. Even in the event that the law of another state with a longer Statute of Limitations might be pertinent to this case, Missouri's shorter two-year Statute of Limitations would still apply as the Statute of the forum to bar the suit. This Court, in Keaton v. Crayton (W.D. Mo.) Civil Action No. 16262–3, stated as follows:

"Under Missouri choice of law doctrines [which this Court is bound to follow under the doctrine of Guaranty Trust Co. v. York, 326 U.S. 99, 65 S. Ct. 1464, 89 L.Ed.2d 2079], questions concerning the limitations of actions brought in Missouri are considered to be 'procedural' matters governed by the law of the forum, Missouri. Nelson v. Browning, Mo., 391 S.W.2d 873, l. c. 881. Under Missouri law an action for a tort committed in a foreign state which would be barred by the Statute of Limitations in Missouri, if committed in Missouri, cannot be maintained in the state of the forum, Missouri, even though the action is not barred in the state where the cause of action arose. Farthing v. Sams, 296 Mo. 442, 247 S.W. 111; Carter v. Burns, [332] Mo. [1128], 61 S.W.2d 933; Restatement, Conflict of Laws, Section 603; and Mo.Anno. Restatement, Conflict of Laws, Section 603."

The Missouri Savings Statute, Section 516.170 RSMo, V.A.M.S., tolling the running of the applicable Statute of Limitations during the term of imprisonment under sentence for less than life has been held inapplicable to prisoners under federal sentences in the United States Medical Center. Hill v. Gentry (C.A.8) 280 F.2d 88. Thus, the statute cannot be applied in the case at bar.

For the foregoing reasons, it appears that this cause should be dismissed without prejudice to plaintiff's possible filing of a later complaint in which he may state the jurisdiction of the Court or otherwise state that his case is an exception to the controlling Statute of Limitations. It was held in Hellebrand v. Hoctor (C.A.8) 331 F.2d 453, affirming (E.D.Mo.) 222 F.Supp. 81, that a dismissal without prejudice with leave to file a later complaint or to amend the complaint to state that the claim is not barred by the Statute of Limitations was proper in a case where "the complaint on its face is barred by the Statute of Limitations" and "the plaintiff (failed to) bring himself within one of the exceptions contained in the * * * disability statute." 331 F.2d at 455. That is the appropriate action to be taken in the case at bar. It is therefore

Ordered that plaintiff be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that this cause be, and it is hereby, dismissed without prejudice to plaintiff's later amending this claim to state a cause of action or filing an amended complaint which states a cause of action not barred by the applicable Missouri Statute of Limitations.

ORDER DENYING PLAINTIFF
LEAVE TO FILE AMEND-
ED COMPLAINT

On November 30, 1970, a judgment of dismissal without prejudice of the original complaint herein was entered because of the running of the applicable Missouri Statute of Limitations, § 516.-140 RSMo, V.A.M.S. In that complaint, plaintiff had sought damages for an alleged libel committed against him by defendant in its January 1967 issue of True Magazine in an article called "The Case of the Bold Penman." Under the authority of Hellebrand v. Hoctor (C.A.

8) 331 F.2d 453 affirming (E.D.Mo.) 222 F.Supp. 81, the dismissal was without prejudice to the filing of an amended complaint in which plaintiff might bring himself within some exception to the Statute of Limitations.

■ On December 11, 1970, the Court received a proposed amended complaint from plaintiff, together with a proposed form of summons to be served on defendant. Subsequently, the Court received numerous other documents and proposed pleadings from plaintiff, all asserting the below-considered theories of federal jurisdiction. In the proposed amended complaint, plaintiff expressly invokes federal jurisdiction on the principle of diversity of citizenship under § 1332, Title 28, United States Code. He states that defendant is "licensed as a corporation under the laws of the state(s) of New York and Connecticut"; that "none of the defendant corporation is a citizen of either Tennessee or the state of Missouri"; [1] and that plaintiff "does reside in the judicial district of this court in accordance with 28 USC 1391." Those allegations, however, do not sufficiently allege diversity of citizenship. It is settled that an allegation of the principal place of business of a corporate party is necessary to establish diversity of citizenship. § 1332(c), Title 28, U.S.C.; Chapman v. Ozark Forest Products, Inc. (W.D.Mo.) 246 F.Supp. 816, 817; 1A Moore's Federal Practice ¶ 0.168[3.–4], pp. 1204–1205. Further, it is equally well settled that an allegation of residence does not suffice as the allegation of citizenship as required under § 1332, *supra*. Russell v. New Amsterdam Cas. Co. (C.A.8) 325 F.2d 996. Therefore, plaintiff does not sufficiently state the jurisdiction of this Court under the diversity statute. Elsewhere, in a letter to the Court dated December 2, 1970, plaintiff alleges that "[m]y citizenship is in Tennessee." Such would constitute a sufficient allegation of plaintiff's citizenship. Further, the Court will presume that the complaint could be amended with respect to defendant's principal place of business to state diversity of citizenship. Therefore, plaintiff's *pro se* complaint will not be denied filing for failure to state diversity of citizenship.

■ Plaintiff further alleges that this action should not be considered a libel suit "in the standard and common interpretation of 'libel suits'" but as "a suit in which the Plaintiff complains that the Defendant has invaded his *constitutional* right to privacy" (emphasis added) and therefore as a suit under "28 USC 1441(b) and under the Civil Rights Act of Title 28, Section 1343(1) as mentioned in Section 1985 of Title 42." But it is well established that, to state a claim under the Federal Civil Rights Act, § 1983, Title 42, United States Code, the denial must be under the color of state law. Defendant in this case is not alleged to have been acting under the color of state law, nor is such inferable from the allegations of the proposed amended complaint. Further, no conspiracy to deny plaintiff any federal civil right is or can be alleged in order to state a claim under the provisions of § 1985 of Title 42, United States Code.

Leave, therefore, should be denied to file the amended complaint because (1) no claim is stated under the Federal Civil Rights Act and (2) the claim is barred by the Missouri two-year statute of limitations.

■ Assuming that plaintiff states diversity of citizenship in accordance with the foregoing considerations, his claim cannot now be considered in this Court because, as noted in the judgment dismissing his original complaint in this action, the Missouri two-year Statute of Limitations will apply to bar the bringing of this action in this Court. Plain-

---

[1]. Subsequent to the submission of the proposed amended complaint, plaintiff has wavered on his citizenship. In his letter dated December 2, 1970, he unequivocally announced that he was a citizen of Tennessee. In his later letter of January 7, 1971, he stated "As to what my 'citizenship' may really be, it may be difficult to determine."

tiff, however, asserts that the Missouri Statute of Limitations does not apply to him because:

"Section 516.140 is not applicable in the suit at bar because that statute is inapplicable to U.S. Medical Center inmates simply because such federal prisoners cannot and must not be limited by state ministerial statutes passed by states and legislatures in which they are merely forced to reside because of their federal incarceration.

"Plaintiff submits that the State of Hawaii has a six year statute of limitations for the same type case as the one at bar. It is only by reason of his federal incarceration and by reason of arbitrary case classifications reaped (sic) upon the Plaintiff by federal prison administrators that the Plaintiff is not transferred to the State of Hawaii (as even a federal prisoner) wherein he would benefit by the longer statute of limitations. Further, Plaintiff, by reason of his federal imprisonment at the Medical Center does not meet venue requirements to file his suit in Hawaii."

Plaintiff further states that he has tried to file this action previously, and has contacted attorneys with respect to it, but each time the filing was frustrated either by a transfer of plaintiff from one federal institution to another or by other defaults which were not the fault of plaintiff. But this issue has been settled by the original judgment of dismissal without prejudice of the original complaint, wherein it was held that the applicability of the shorter two-year statute of limitations of the forum state of Missouri applies even in cases where other longer statutes of limitations of other states may have application in the event that the suit were brought there. Further, the strictness with which the Missouri statute of limitations is applied was also pointed out in that judgment. Those principles apply on the information subsequently submitted by plaintiff to compel this Court to deny him leave to file the proposed amended complaint.

Further, assuming that plaintiff had stated a claim under the Federal Civil Rights Act (as he has not, as noted above), the same result would be reached—that of dismissal of the claim as barred by the Missouri Statute of Limitations. It is well established that State statutes of limitations apply in Federal Civil Rights cases. Shank v. Spruill (C.A.5) 406 F.2d 756; Madison v. Wood (C.A.6) 410 F.2d 564; Hileman v. Knable (C.A.3) 391 F.2d 596; Miller v. Swenson (W.D.Mo.) 315 F.Supp. 772. Therefore, the State statute of limitations would apply even under the Civil Rights Act to bar this action.

Plaintiff, however, attempts to reclassify the nature of the complaint herein to avoid the two-year statute of limitations by stating that it is an action for invasion of privacy. So considered, however, it is still barred by the two-year Missouri statute of limitations applicable to libel and slander. It is clear that Missouri recognizes the invasion of privacy as a cognizable action in tort. See Barber v. Time, Inc., 348 Mo. 1199, 159 S.W.2d 291; Prosser on Torts (2d ed.) § 97, p. 637. The facile inclusion of right of privacy claims within libel claims cannot be used to avoid the Missouri Statute of Limitations. As was noted in a recent law review article, "Missouri courts are not disposed to approve reclassification of a cause of action in order to avoid an otherwise applicable statute of limitation. In this respect Missouri takes a far more conservative position than such states as Illinois and Florida which freely reclassify in terms of the form of injury of which plaintiff complains." Davis, Tort Liability and the Statutes of Limitation, 33 Mo.L.Rev. 171, 187. The frequent identity of right of privacy claims with libel claims has been noted by the United States Supreme Court in Time, Inc. v. Hill, 385 U.S. 374, 87 S.Ct. 534, 17 L.2d.2d 456, 465, n. 9, where it is stated:

"Commentators have likened the interest protected in those 'privacy' cases

which focus upon the falsity of the matter to that protected in cases of libel and slander—injury to the reputation. See Prosser, Privacy, 48 Calif.L. Rev. 383, 398–401 (1960); Wade, Defamation and the Right of Privacy, 15 Vand.L.Rev. 1093 (1962). But see Bloustein, Privacy As an Aspect of Human Dignity: An Answer to Dean Prosser, 49 N.Y.U.L.Rev. 962, 991–993 (1964). Many 'right of privacy' cases could in fact have been brought as 'libel per quod' actions and several have been brought on both grounds. See, e. g., Hazlitt v. Fawcett Pubs., supra [(D.Conn.) 116 F.Supp. 538]; Freeman v. Busch Jewelry Co., 98 F.Supp. 963 (D.C.N.D.Ga.1951); Peay v. Curtis Pub. Co., 78 F.Supp. 305 (D.C.D.C. 1948); Foster-Milburn Co. v. Chinn, 134 Ky. 424, 120 S.W. 364 (1909). Although not usually thought of in terms of 'right of privacy,' all libel cases concern public exposure by false matter, but the primary harm being compensated is damage to reputation. In the 'right of privacy' cases the primary damage is the mental distress from having been exposed to public view, although injury to reputation may be an element bearing upon such damage."

Plaintiff does not ask for damages for mental distress, and, even if he did, he could not achieve reclassification of the tort which he alleges herein to avoid the Missouri two-year statute of limitations. If he relies on diversity jurisdiction the above noted reluctance of the Missouri courts to reclassify an action to avoid a statute of limitations controls the issue. If plaintiff relies on jurisdiction under the Federal Civil Rights Act (as he cannot, as noted above), it is well settled that the applicable statute of limitations is the "most analogous statute of limitations of the state" whose statutes of limitations govern the question. Mulligan v. Schlachter (C.A.6) 389 F.2d 231; Hileman v. Knable, *supra;* Smith v.

Cremins (C.A.9) 308 F.2d 187, note 9 and cases therein cited, 98 A.L.R.2d 1154.

Plaintiff has not and cannot show that his claim is not barred by the Missouri two-year statute of limitations. Plaintiff has not attempted to bring himself within any of the recognized exceptions to the running of the statute. His only move in this direction came in a letter to the Court under date of January 7, 1971, in which he stated that he had written to the Attorney General of Missouri for information regarding the Missouri savings statute. He states that this Court might "be particularly interested in paragraph three of page two in this letter," which reads as follows:

"It would appear, however, by reference to Rule 17(b) of the Federal Rules of Civil Procedure, and Urbano v. News Syndicate Co., Inc., (2nd Cir. 1966), 358 F.2d 145, that unless you are a domiciliary of Missouri your capacity to sue and be sued, and likewise, the applicable statute of limitations, is to be tested by the state in which you are domicile previous to commitment to the Springfield Medical Center, and not by the laws of Missouri. Additionally, consistent with McCollum v. Mayfield, (N.D. Cal.), 130 F.Supp. 112; and Weller v. Dickson, (9th Cir. 1963), 314 F.2d 598, that even though the applicable state statute of limitations may not be told (sic) while the state prisoner is in custody, he may nevertheless maintain suit under the Federal Civil Rights Act."

Accordingly, in his letter of January 7, 1971, plaintiff makes some intimations that he may be a citizen of Tennessee, where perhaps the statute is longer.[2] But, under the law of Missouri, as pointed out in the judgment dismissing the original complaint herein, the letter of the Attorney General notwithstanding, the two-year Statute of Limitations of

---

2. If there is a state wherein venue is proper and which has a longer statute of limitations, plaintiff's logical future course would be to bring the action there.

the forum will apply to bar this claim. The letter is erroneous insofar as it classifies the limitations problems as included in the problem of "capacity to sue" which Rule 17(b), F.R.Civ.P., says is governed by the law of the party's domicile. "Capacity to sue" is a substantive question, while statute of limitations questions, in Missouri, are "procedural" matters governed by the law of the forum, Missouri. Nelson v. Browning, Mo., 391 S.W.2d 873, l. c. 881. See also Hellebrand v. Hoctor (E.D.Mo.) 222 F. Supp. 81, affirmed (C.A.8) 331 F.2d 453.

For the foregoing reasons, it is

Ordered that plaintiff be, and he is hereby, denied leave to file his amended complaint herein.

If there is a state which has both a longer applicable statute of limitations and some connection with the allegations of the complaint, plaintiff should attempt to file his action in the state or federal courts of that state.