Joseph E. FULLER, Plaintiff,

v.

F. I. duPONT, GLORE, FORGAN & COMPANY, Defendant.

Civ. A. No. 18844–3.

United States District Court, W. D. Missouri, W. D.

June 28, 1971.

Phillip H. Myles, Sundeen, Myles, Goodden & Nance, Kansas City, Mo., for plaintiff.

James H. Ottman, William G. Zimmerman, Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, Mo., for defendant.

JUDGMENT OF DISMISSAL FOR FAILURE OF PLAINTIFF TO JOIN PROPER PARTIES, FAILURE TO STATE A CLAIM WITHIN FEDERAL JURISDICTION AND TO OBTAIN SERVICE

WILLIAM H. BECKER, Chief Judge.

Jurisdiction in this action is based upon diversity of citizenship under § 1332, Title 28, U.S.C., and also apparently based on the Securities Acts of 1933 and 1934, including possibly § 78j, Title 15, United States Code, and Rule 10b–5 of the Securities and Exchange Commission, in which plaintiff alleges that defendant defrauded plaintiff after plaintiff purchased shares of stock in not delivering the stock to plaintiff.

Because plaintiff had not stated jurisdiction of this Court, the Court entered its order on April 5, 1971, directing that plaintiff submit his proposed amended complaint for consideration by the Court within 10 days. On the tenth day thereafter, rather than submitting the proposed amended complaint, plaintiff submitted a "motion for extention (sic) of time to file an amended complaint," in which the following was stated:

"1. That should plaintiff file an amended complaint at this time, to bring in or substitute additional parties defendant, it would be futile since the defendant partnership will be incorporated in Delaware by May 1, 1971, thus making the legal status of the defendants somewhat transitional.

"2. That plaintiff has prepared the amended venue portion of his original complaint and would like to file within the time stated for the above reason.

"3. That defendants' attorneys have agreed to this proposed extention (sic) for the same above reason."

In ruling on that motion, the Court stated as follows:

"Plaintiff has not given any reason thereby, however, why he is not presently able to *submit* a *proposed* amend-

ed complaint for consideration of the Court. In it, he could have included the putative corporation as a prospective party, or he could have named the individual partners and later, at an appropriate time, moved to add the corporation as a party defendant. As this matter stands now, however, plaintiff has asked until May 10, 1971, in which to *file* its amended complaint. But the *proposed* amended complaint should be submitted for the inspection of the Court far in advance of that time. Otherwise, the proposed extension of time in which to file the complaint will amount to an extension of the time for discovery (which is currently scheduled to end on May 15, 1971), by stipulation of the parties without a showing of good cause and without approval by the Court."

Therefore, the Court ordered "that plaintiff submit his proposed amended complaint for consideration by the Court within 7 days of the date of entry of this order." Plaintiff did not timely respond to that order, which was entered on April 16, 1971.

Therefore, the present complaint must be dismissed because it does not join the proper parties defendant, and does not state subject matter jurisdiction of this Court. Further, plaintiff has been dilatory in obtaining proper service on the proper parties. These defects will be taken up in order.

#### *Failure to join proper defendants*

■ Plaintiff has attempted to sue the defendant partnership in its partnership name. He has not obtained service on any of the individual members of the partnership. It is settled under Missouri law (which prevails in this case on the issue of capacity to be sued under the provisions of Rule 17(b), F.R.Civ.P.) a partnership cannot be sued in its common or firm name. Wolsum v. J. W. Bateson Co. (W.D.Mo.) 182 F.Supp. 879, and Davison v. Farr, Mo.App., 273 S.W. 2d 500. In the order entered herein on April 5, 1971, the Court noted that the latter case held that a petition naming the partnership as a defendant could be amended to name the individual partners as defendants. Therefore, the Court gave plaintiff ample opportunity to submit an amended complaint naming the individual partners and any corporation which they might intend to form, as parties defendant. Further, if the incorporation were to be accomplished while this suit was in process under conditions where it accepted the liabilities of the antecedent partnership, there was no reason why plaintiff might not have moved for leave at that point to add the corporation as a defendant (assuming that it was not feasible to join the corporation in the proposed amended complaint currently). Further, the corporation may not be liable for the obligation herein sued upon. The partners in any case remain the proper parties. But plaintiff was granted a total of 21 days in which to submit the proposed complaint and failed timely to respond to the last order of the Court in this respect without averring any excuse. It has been held that, when the complaint does not state a proper claim, it may be dismissed, in instances in which the defects are amendable when the plaintiff has been given an opportunity to amend his complaint and did not take advantage of that opportunity. Hellebrand v. Hoctor (C.A.8) 331 F.2d 453. Therefore, this complaint should be dismissed under the Missouri law forbidding a suit against a partnership in its common or firm name, insofar as plaintiff attempts to state a claim under the diversity statute, § 1332, Title 28, U.S.C.

■ The Court is mindful that, under the provisions of Rule 17(b), F.R. Civ.P., in a suit under the Constitution or laws of the United States "that a partnership or other unincorporated association, which has no such capacity by the law of [the state of its domicile], may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing

under the Constitution or laws of the United States." See also 3A Moore's Federal Practice ¶ 17.16, pp. 651 ff. (1970 ed.); Wright, Law of Federal Courts § 70, p. 295. But plaintiff does not state any claim under the laws of the United States. Plaintiff cites §§ 7899 and 781(e) of Title 15, U.S.C., sections which, according to the volumes of United States Code on file with the Court, do not exist. Plaintiff also cites Rule 10b–5 of the Securities and Exchange Commission (which may provide the basis of a civil suit under § 78j of Title 15, U.S. C.) But, fairly construed, in the light most favorable to plaintiff under the rule of Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80; Great Atlantic & Pacific Tea Co. v. Amalgamated Meat Cutters & Butcher Workmen of North America (C.A.8) 410 F. 2d 650; and Leimer v. State Mut. Life Assur. Co. (C.A.8) 108 F.2d 302, plaintiff does not state any claim of fraud in connection with the sale or exchange of securities or stocks within the meaning of that rule. Plaintiff states that he arranged to buy some $40,000 worth of stocks from defendant; that defendant agreed to sell the stocks to plaintiff; that "plaintiff duly demanded of the defendants the return of said property, but said defendants refused to return same and unlawfully converted and disposed of said property to their own use to plaintiff's damage"; and that the stocks have been marked "delivered" by duPont on their monthly statement to Dr. Fuller, but the actual stocks have never been received by him.

In the initial order issued by the Court herein on February 4, 1971, directing plaintiff to show cause why this action should not be dismissed, this Court construed the complaint most favorably to plaintiff as follows:

"[P]laintiff alleges that defendant defrauded plaintiff into purchasing 400 shares in Cons Leasing Corporation, 600 shares of Kin Arc Corporation, 6,000 shares of Merrill Island MNG, 300 shares of United Consco Oil Gas, Ltd., and 300 shares of Russco."

In his response to the show cause order, however, plaintiff corrected the construction thus placed on the complaint, stating as follows:

"The show cause order states that plaintiff alleged the defendant defrauded him into purchasing shares of stock. We respectfully submit, that plaintiff was not defrauded into purchasing said stock but rather defrauded after said stock had been purchased in that he never received his securities although statements from F. I. DuPont were sent to him advising that they had been 'delivered,' which was an outright misrepresentation. For seven (7) months, F. I. DuPont held $40,000.00 of said plaintiff, which he could not receive physical delivery."

But, even under the liberal and broad language and interpretation of Rule 10b–5, the failure to make delivery *after* the purchase or sale of securities cannot state any claim. In Seward v. Hammond (D.Mass.) 8 F.R.D. 457, it was held, in a case in which the sellers of securities sued for the purchase price, that the fraud must have been practiced prior to or contemporaneously with the purchase. See also, Pepsico, Inc. v. W. R. Grace & Co. (S.D.N.Y.) 307 F.Supp. 713, 720, stating that a failure to comply with a contract to purchase shares did not state a claim under the Securities Acts for the following reasons:

"Quite obviously the 'fraud' must be 'in connection with' the purchase or sale of a security. No case has been called to our attention which has sustained federal jurisdiction under 10b for a fraud committed or practiced after a purchase or sale. In A. T. Brod & Co. v. Perlow, 375 F.2d 393 (2d Cir. 1967), the allegations in the complaint were to the effect that *at the time* the brokers purchased the shares for defendants, defendants intended to pay the purchase price only if the stock went up. In Commerce Report-

ing Co. v. Puretec, Inc. [D.C.], . . at 719 of 290 F.Supp. [715], Judge Mansfield paraphrased the complaint in that case: 'the gist of plaintiffs' complaint is that the defendants *entered into the agreement* for sale of Purer's stock to plaintiffs . . . *without any intention of consummating* or closing it if they should succeed in obtaining a better deal from somebody else . . .' (Emphasis added)."

There is no allegation of such intention in the complaint at bar. In his response filed on March 1, 1971, plaintiff in fact clarified his position to indicate that this was a case based upon the *negligent failure* of defendant to *deliver* the securities. In that response, plaintiff quoted the October 12, 1970, issue of *Newsweek* to the following effect:

"In a massive snarl of paperwork, brokerage firms have lost track of enormous quantities of their customer's securities . . . Some of the largest firms on Wall Street have operated for extended periods in gross violation of NYSE rule that requires them to keep a capital reserve equivalent to 5% of total liabilities—a rule intended to protect customers from any losses by the firm. In the case of F. I. DuPont & Co., one of the five (5) largest firms on the street, the shortage came to fully $6.8 million. Both DuPont and NYSE have said they were unaware of the violation for at least a month."

Thus, no case of even negligent misrepresentation or manipulation is stated under the rule of S.E.C. v. Texas Gulf Sulphur Co. (C.A.2) 401 F.2d 833. The only claim that is stated by the original complaint is the claim of failure to deliver a security under § 400.8–314 RSMo, V.A.M.S., under Missouri state law; but no diversity of citizenship is stated to show federal diversity jurisdiction of this claim for relief based on state law. Further, the partnership may not be sued in its firm name when federal jurisdiction is based solely on diversity of citizenship. The plaintiff may sue for breach of contract under state law, but the same principles show no jurisdiction in the federal court.

*Failure to obtain proper service*

The only service obtained to date in this case is upon an employee of the partnership who is not himself a partner. Thus, under the prevailing Missouri law, no proper party has been served, although this case was filed on November 16, 1970. And, as noted above, plaintiff has not taken any steps to add or substitute parties and, in fact, has initially failed to do so in the face of orders of the Court requiring him to do so. The complaint should therefore also be dismissed for failure to obtain proper service.

*Leave to file proposed amended complaint should be denied*

After the preparation of the foregoing memorandum and out of time, without leave of Court, plaintiff submitted on April 27, 1971, his proposed amended complaint. Therein, plaintiff purported to name "F. I. duPont, Glore, Forgan & Co., 129 West 10th Street, Kansas City, Missouri, Harvey Bettis, Registered Agent," and "One Hundred Forty-nine (Unnamed) (149) Individual Partners" and "F. I. duPont, Glore, Forgan & Co., One Wall Street, New York, New York, Donald Hanson, Registered Agent." The jurisdictional allegations of the proposed amended complaint are as follows:

"The jurisdiction of this Court is based upon Title 28 U.S.C. Section 1331

(a), Section 27 of the Securities Exchange Act of 1934, (Exchange Act is amended Title 15 U.S.C. Section 7899), (sic) and based specifically upon Section 27 and Section 10(b) (5) (3) of the 1934 Securities Exchange Act. Also Securities Exchange Act of 1933.

"Defendant F. I. duPont is transacting business in this district. Plaintiff is a resident of Kansas and transacted business (the acts complained of) in this district, in Missouri. Defendant F. I. duPont is located in this district and can be found at 129 West 10th Street, Kansas City, Missouri.

\* \* \* \* \* \*

"The acts complained of have occurred in this district. The jurisdiction and venue are further based in this district because this controversy involves a dispute between citizens of different states, and the amount in controversy in this action exceeds Ten Thousand Dollars ($10,000.00), exclusive of interest and costs. The original transaction involved in this complaint was consumated (sic) in this district and the defendants may be found and are present for these purposes within this district.

\* \* \* \* \* \*

"Plaintiff is a resident of Kansas.

\* \* \* \* \* \*

"Defendant F. I. duPont, Glore, Forgan & Company is a partnership doing business in Missouri, soon to be incorporated in Delaware."

The proposed amended complaint thus ignores the principle of Missouri law deemed applicable in this case that a partnership cannot be sued in its common or firm name. It does not purport to assert jurisdiction over any of the individual partners by naming them so that they might be served with process. In the proposed amended complaint, plaintiff states the following as the gist of the action:

"Defendant F. I. duPont engaged in acts and practices which operated as a fraud to plaintiff, Dr. Fuller, in violation of Section 10(b) (5) (3) to wit: Defendant F. I. duPont misrepresented to Dr. Fuller that they had purchased $40,000.00 worth of stock and they well knew they could not locate these securities, yet they continued to send said plaintiff statements marked 'delivered' in reference to the securities.

"Defendants failed and refused to return plaintiff's money and plaintiff was given the 'run around' for some seven (7) months by said defendants.

". . . the defendants being then in possession of said personal property, plaintiff duly demanded of the defendants the return of said property but said defendants refused to return same and unlawfully converted and disposed of said property to their own use to the plaintiff's damage. Defendants, in violation of Missouri Statute 400.8–314, refused to deliver to plaintiff stocks of which he was the true owner."

It can hardly constitute a misrepresentation, negligent or otherwise, by any defendant to have stated that they had the securities allegedly purchased, when in fact plaintiff alleges that they did have possession of them. It is clear from the amended complaint that the claim for damages is based upon an alleged seven months' delay in delivery of the stocks which were purchased in April 1970 and delivered in November 1970. In a "stipulation as to genuineness and admissibility of documentary evidence" filed herein on May 19, 1971, counsel for plaintiff has admitted the genuineness of credit memoranda showing the mailing of all the stock in question to plaintiff (except possibly 300 shares) in November 1970. It is clear, then, that this action does not state any claim of misrepresentation or deception in connection with the purchase or sale of securities. Thus, while, under § 78aa, Title 15, U. S.C., out-of-district service may be proper when the violation has occurred in this district, that section cannot be deemed applicable in this case.

For the same reasons, diversity jurisdiction cannot be stated. Neither the principal place of business of the defendant corporation, nor the citizenship of plaintiff [not the residence, which is not synonymous with citizenship, see

Russell v. New Amsterdam Cas. Co. (C. A.8) 325 F.2d 996] is stated in the complaint. Further, even if diversity of citizenship were stated, the partnership is sought improperly to be sued in its firm name. No allegations are made under which it might be inferable that any of the defendants are amenable to service of process or to any kind of jurisdiction in this district.

For the foregoing reasons, it is

Adjudged that this cause be, and it is hereby, dismissed for failure to join the proper defendants, absence of jurisdiction and failure to obtain proper service.