**Theodore Anthony DUISEN, Plaintiff,**

v.

**ADMINISTRATOR AND STAFF, FULTON STATE HOSPITAL NO. 1, FULTON, MISSOURI, Defendants.**

**Civ. A. No. 1726.**

United States District Court,
W. D. Missouri, C. D.

Aug. 9, 1971.

See also, D.C., 332 F.Supp. 127.

Theodore Anthony Duisen, pro se.

John C. Danforth, Atty. Gen. of Mo., Jefferson City, Mo., for defendants.

### ORDER GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS AND JUDGMENT OF DISMISSAL

WILLIAM H. BECKER, Chief Judge.

Plaintiff, an inmate of Missouri State Hospital No. 1, in Fulton, has filed in this Court a pleading purporting to be a complaint for $1 million damages under the Federal Civil Rights Act, § 1983, Title 42, United States Code. Jurisdiction is invoked pursuant to § 1343(3) and (4), Title 28, United States Code. Plaintiff requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

As grounds for complaint of denial of his federal rights, plaintiff states:

"* * * that on or about the 17th day of August 1965 while committed for observation to the Missouri State Hospital No. 1, Fulton, Missouri, [plaintiff] was confined to a single room in which two State Hospital Attendents (sic) assulted (sic) him by repeatedly kicking him in the head. Named as assialants (sic) are one Jerry Terrel and Cowboy, Missouri State Hospital Attendents (sic). [Plaintiff] has suffered great pain from the

beating with continued headaches and irregular visionual (sic) side effects. Therefore, [plaintiff] prays that this Honorable Court award him for damages the sum of $1,000,000 (ONE MILLION) dollars for his detriment."

Plaintiff attempts thereby to impose liability on the entire staff and administration of Fulton State Hospital for the alleged beating which he received at the hands of two employees. This cannot be done. Liability under the Federal Civil Rights Act is personal. Miller v. Swenson (W.D.Mo.) 315 F.Supp. 772. Further, Fulton State Hospital cannot be sued as an entity because it is an agency of the state and thus not a "person" within the meaning of Section 1983, *supra*, subjecting "persons" to civil liability who deny federal rights under color of state law.

 It appears from the face of the complaint that it is also barred by the applicable state statute of limitations. There is no general federal statute of limitations applicable to the Federal Civil Rights Act, so the Court must look to state law to find the most analogous state statute of limitations. White v. Fawcett Publications (W.D.Mo.) 324 F.Supp. 403, and cases therein cited. Under Missouri law, this action would be classified as one for assault or battery, or both, and would be barred by the two-year Missouri statute of limitations. § 516.140 RSMo, V.A.M.S. Recent federal appellate court decisions have in some instances made general statutes applying to denials of statutory rights applicable to Federal Civil Rights actions. Donovan v. Reinbold (C.A.9) 433 F.2d 738; Crawford v. Zeitler (C.A. 6) 326 F.2d 119; Ellenburg v. Shepherd (E.D.Tenn.) 304 F.Supp. 1059, affirmed (C.A. 6) 406 F.2d 1331, cert. denied, 393 U.S. 1087, 89 S.Ct. 878, 21 L.Ed.2d 781. Missouri has a similar statute in § 516.-120(4) RSMo, providing a five-year limitations period for "any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated." Assuming, without holding, that this statute is applicable, the present complaint was filed more than five years after the alleged beating. It must therefore be regarded as barred by the statutes of limitations. Under the rule of Hellebrand v. Hoctor (C.A. 8) 331 F.2d 453, affirming (E.D.Mo.) 222 F.Supp. 81, a plaintiff has the burden of stating facts showing that the statute of limitations has not run when the complaint would otherwise show that it has run. Plaintiff does not state whether he is a suitor who can claim the benefit of any type of savings statute or other provision tolling the statute of limitations. Under Hellebrand v. Hoctor, *supra*, this claim will therefore be dismissed without prejudice to the filing of an amended complaint in which plaintiff names proper defendants, states their personal liability and states facts showing that his claim against them is not barred by the statute of limitations.

It is therefore

Ordered that plaintiff be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that the complaint herein be, and it is hereby, dismissed without prejudice.